FILED
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2017 RECEIVED ★
SEP 14 2017
LONG ISLAND OFFICE
EDNY PRO SE OFFICE



Honorable Judge Seybert
U.S. District Judge
U.S. District Court,
Eastern District of N.Y.
100 Federal Plaza, Central Islip N.Y. 11722

Notice : response for Counsel Natasyl Mawere for Defendants: Bank of New York, herein known as "BoNY", and Shellpoint Mortgage Servicing subsidiary of Financial Penn LLC to be known as "Shellpoint" as per councel Mawere's notations.

Case 2:17-cv-04375-JS-GRB   RE: Mario E. Castro Vs Bank of New York Mellon Fka Bank of New York as trustee for the Certificate Holders Of CWALT Inc. Alternative Loan Trust 2006-OA11, Shellpoint Mortgage Servicing

### Plaintiff's Answer to Defendant's Motion

Counsel Mawere states that her firm represents both Defendants named in plaintiff's civil complaint. This letter will address Both Defendants named above in objection to counsel's response for "request for dismissal" and or for "pre motion conference". Plaintiff objects to the premature request for dismissal or conference on grounds that material proof was presented that supports stated claim filed with the court.

Please see the following appeal and factual allegations:

1. In this appeal involving a deficient record regarding (BoNY), Pursuant to Title 15 U.S. Code §1692g (b) and FDCPA: which is an act that protects my rights to have debt properly validated upon request through QWR and administrative process. Plaintiff Mario E. Castro appearing *pro se*, submits this opposition to the pending Motion for objection filed herein, to demonstrate to the Court that there is a genuine issue of material fact in this case that precludes the entry of a judgment as a matter of law. This opposition is based upon and supported by the following Memorandum of points in paragraph noted below as 3. The pleadings and supporting documents on file with the court and detailed in the civil complaint (statement of claim) received by and answered by counsel Mawere, will show that a valid claim has been entered. Defendants have chosen to remain silent and ignore questions via QWR and administrative process. The failure to answer the request for validation of debt through Qwr and administrative process impedes Plaintiff's right to due process.

2. Plaintiff also submits objection to a Shellpoint's deficient pending motion to dismiss due to Defendant's failure to respond through administrative process Pursuant to title 12 US code §2605 e (1) and Pursuant to 15 U.S. Code §1692g, consumer's right to request from alleged creditor (Validation of Debts) and FDCPA, Shellpoint's failure to answer properly to questions (as per the Law) contained in the QWR in a timely manner has defaulted and failed

to prove standing on rights to collect monies on foresaid debt, failed to obtain proof via the alleged owner of debt, "Bank of New York Mellon" Council should note in the Accessible court records proof of The Administrative Process documents presented and served via certified US Postal Service :QWR, Notice of Default, and specific Affidavit of fact requesting first hand examination of original Wet ink signature of Promissory note . Plaintiff Mario E. Castro appearing *pro se*, submits this opposition to the pending Motion for objection on file herein, to demonstrate to the Court that there is a genuine issue of material fact in this case that precludes the entry of a judgment as a matter of law. This opposition is based upon and supported by the following Memorandum of points below in Paragraph 3.

### Statement of Factual Allegations

3   a) On March 7, 2006 the closing with Countrywide Home Loans (taken over by Bank of America) took place for the Purchase of 419 West Hills from an application for credit by Plaintiff Mario Castro, and on merits of my credit. Timely monthly payments commenced, thereafter. Through the time of closing and the present, alleged and non-validated transfers to various entities occurred, (Countrywide) to Bank of America and their subsidiary processing companies: Loan processing Center, I think 4 Servicing, entities in total ending in present: Shellpoint, that services for a Hidden entity that alleges has rights to collect monies from Plaintiff : " Bank of New York Mellon fka Bank of New York for the Certificate Holders Of CWalt Inc, alternative Loan trust 2006-A11"

d) Therefore, it is reasonable for the Plaintiff to verify whether or not the Defendants Shellpoint and BoNY working and exchanging information together have standing to collect money on the alleged loan. Therefore, the Plaintiff wishes to verify that the Defendants (Shellpoint) has standing to collect monies for Defendant ( BoNY) and Plaintiff wishes to verify if BoNY has Proof of claim and standing to receive monies from Plaintiff under The Real Estate Settlement Procedures Act(RESPA)/TILA request

e) After receiving a notice from the alleged new servicer "Shellpoint",
  Indicating a debt is in arrears and will not take payments unless it is paid, and stating conflicting loan amounts due and accounting records, and with threats of foreclosure without proof of standing with proper validation of debt. I feared for the wellbeing of my family and self. On Feb 8 2017 via US Post Office certified mail return signature request, a Qualified Written Request (QWR) was sent to the servicer and to alleged creditor BoNY. The **QWR** was received by a representative of Shellpoint on 2/9/2017 tracking number of certified mailed Via proof of signature thereof signed by **representative A. Kieth** US Postal Service tracking EL575973295us/certified reciept 9590940214975329746094. (A copy of the same QWR was sent to BoNY for their record and to make them aware I seek validation of debt from either party (defendants named) that share information, conduct business together and must have records to properly validate debt available to verify as per the Law). On 2/8/17reciept of QWR for BoNY was received and signed for 2/9/17 by a **representative V. Miller** with US

postal Service tracking EL575973304us/ certified receipt mail 9590940307125196904137.

"servicers responsibility" under Respa
Both Defendants did not reply to the QWR in the 30 day time frame allotted by the Law. Plaintiff in good faith actually waited over 60 days a time double the permitted time. Finding both defendants silent and with no answer to QWR and Validation of Debt on my request therefore, **No rebuttal or proof of standing or acceptance of terms where answered to; rendering their guilt of no standing , no validation of debt and no right to collect funds from me on alleged loan account claimed by defendants #0578156729.**

e) I sent out a Notice of Default Affidavit on 4/14/2017 to Shellpoint and BoNY Both Defendants received the document on4/18/2017 Shellpoint's acknowledged Receipt of default certified mail 70163010000033053057, and BoNY acknowledged Receipt as well certified mail 70163010000033053040.

d.)As of 4/28 No reply was received regarding standing and proof of validation from either defendants through QWR. Nor did either reply as of 4/28/17 regarding a 3rd letter on record with the court requesting inspection titled My first 3 Letters to bank, which is an affidavit of Fact, requesting inspection of **wet ink signature of the original note. In this letter we gave defendants a final opportunity to prove they are holders in due course and that failure to answer was an admission of no standing and an administrative default, As per Administrative act of 1946.** This letter was also via certified us postal via certified mail 6/8/17 to both defendants BoNy certified mail 70161970000077177015 signed by Representative V. Miller on 6/12/2017, Shellpoint also signed for 6/12/2017 by representative Brian Bernig.

e) **An affidavit unrebutted stands. The Defendant BoNY has not offered any rebuttal to the Plantiff's letters in Qwr,notice of default and 3rd letter un answered admission of default.Therefore , through estoppel via acquiescence the defendant has exhausted their administrative remedy in this matter.** The defendant has had the opportunity to be in honor but have chosen not to provide valid proof of claim through their actions.

f) I did receive a letter dated 4/27/2017 where Shellpoint writes acknowledging inquiries made by me and that they are working to gathering requested information as soon as possible.

Answer to claim not stating of statute
g)FDCPA violation Calls made to me after the QWR was sent continued, even though the Qwr demands to have only written contact. Letters of threats continue even though there has been no validation of debt or the right to collect monies. Charging fees on invalidated debt.

Article 3-501 Presentment. Upon request the defendants claiming ownership of debt, was asked to present the Original wet ink signatures of Promissory note and have not.

In closing: Before the issue of the alleged debt can be resolved The Defendant(s) must first provide verifiable proof that there is a verifiable proof as to the fact that they are entitled to enforce the security instrument . The Debtor is entitled to proof of 1)The Holder in due course 2) The claimant of the debt must produce the original wet ink signature of the promissory note with allonge pasted , the original Deed of Trust with allonge pasted If Defendants cannot provide verifiable proof that they have interest and ownership of the original wet ink signature Promissory note, and that they are entitled to enforce the security instrument and cannot stipulate that they are the creditor , they do not have subject matter jurisdiction.

Objection to dismiss motion and or pre-motion conference is entered in light of
Failure to answer to QWR from Shellpoint That was initiated in 2/8/17 and has defaulted on the administrative process. Has defaulted on producing any answers that are protect under RESPA,TILA,FDCPA

Objection to dismiss motion and or pre-motion conference is entered in light of
The alleged creditor BoNY was also given numerous attempts to validate debt and to establish that they are the rightful owners in due course of note and has defaulted as well on producing the Original wet ink signature Promissory note. Both objections are supported with factual data filed in the court and accessible through Pacers

Amended Civil complaint to follow due to other discoveries.

r

According to UCC § 2-207, **Rules and Regulations: (Your Performance, Is Your Acceptance)**

For The Public Record In Good Faith

"Without Prejudice" UCC 1-308 Date: _____ A.D.

a man, _____ (Seal)
[Mario E. Castro], Property Owner
All Natural Rights "Explicitly" Reserved
U.C.C.1-207/1-308/2-207/1-103.6/2-103(1)(b)

<u>Jurat/ Acknowledgement</u>

Notary Name: Weezha Nasiri

Notary Signature: _____ Dated: 9/11/2017

Commission Expires: 6/25/2020

**NOTARY SEAL**

> WEEZHA NASIRI
> Notary Public - State of New York
> NO. 01NA6264379
> Qualified in Nassau County
> My Commission Expires Jun 25, 2020

Page 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

RECEIVED
SEP 1 8 2017
EDNY PRO SE OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2017 ★
LONG ISLAND OFFICE

Mario E. Castro Plaintiff(s),

**AFFIRMATION OF SERVICE**

-against- Bank of New York Mellon,
Shellpoint Mortgage Servicing

2:17-cv-04375 (JS)(GRB)

Defendant(s).

----------------------------------------------------------X

I Mario E. Castro, declare under penalty of perjury that I have served a copy of the attached respons to motion from Defendant's Attorney "Plaintiff's Answer to Defendant's motion" upon Attorney: Natsayi Mawere by mailing it to Via United States Postal Service to: Akerman Att: Attorney Natsayi Mawere on: 9/11/17 overnight EL 869 120 1 46 US

whose address is: 666 5th Avenue 20th Fl. NY, NY 10103

Dated: 9/11/, 20 17

Central Islip, New York

_____
Signature

419 West Hills Rd.
Address

Melville, NY 11747
City, State & Zip Code