UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIO E. CASTRO,

                      Plaintiff,

      v.

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT INC., ALTERNATIVE LOAN TRUST 2006-OA11 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA11, SHELLPOINT MORTGAGE SERVICING,

                      Defendants.
-----------------------------------------------------------------X

Case No. 2:17 CV 04375

## DEFENDANTS' MEMORANDUM OF LAW SUPPORTING THEIR MOTION TO DISMISS THE COMPLAINT

### I.    INTRODUCTION[1]

Plaintiff Mario Castro has filed an almost completely incomprehensible complaint in response to the looming foreclosure on his real property. Mr. Castro borrowed money from BoNYM's predecessor-in-interest and executed a mortgage on real property he owned in Kings County. His mortgage was subsequently transferred to BoNYM. He now contends BoNYM and Shellpoint, its servicer, have violated a grab bag of federal and state statutes, including not responding to his qualified written request. None of Mr. Castro's claims are or could be sufficiently pled. The Court should dismiss Mr. Castro's amended complaint with prejudice.

---

[1] Defendants the Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-OA11 Mortgage Pass-Through Certificates Series 2006-OA11 (**BoNYM**) and Shellpoint Mortgage Servicing (**Shellpoint**), collectively (**defendants**), respectfully submit this memorandum of law supporting their motion pursuant to Fed. R. 12(b)(6) to dismiss plaintiff Mario E. Castro's amended complaint, filed on August 2, 2017. This memorandum is accompanied by the Declaration of Natsayi Mawere, dated October 24, 2017 (**Mawere Decl.**) and exhibits A through C thereto.

43067964;1

## II.   STATEMENT OF FACTS

Mr. Castro executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, N.A., its successors and assigns, dated March 7, 2006, pledging real property commonly known as 419 West Hills Road, Melville, New York, as security for the repayment of the loan in the amount of $448,800. (Mawere Decl., ¶ 2, Ex. A). The mortgage was assigned to BoNYM by assignment dated September 1, 2011. (*Id.*, ¶ 3).

Mr. Castro filed this suit on July 24, 2017. [Dkt. No. 1[2]]. He amended his complaint on August 2, 2017. [Dkt. No. 4]. He now only names as defendants BoNYM, Shellpoint, and "all known and unknown [defendants] that may make themselves present through discovery and that may become pertinent to the case filed" as defendants. [*Id.* at 2]. He contends he submitted a qualified written request (**QWR**) to Shellpoint, the "servicer," and BoNYM dated February 8, 2017. [*Id.* at 4-5]. He sent a purported notice of default in April 2017 after he did not receive a response to his request. [*Id.* at 4]. He then sent a third letter to request an inspection of the wet ink note in June 2017. [*Id.* at 5].

Mr. Castro alleges Shellpoint and BoNYM's lack of response to his QWR caused emotional distress. [*Id.* at 4, 6-7, 8]. He says he has been making payments since 2006 to "countless organizations." [*Id.* at 4]. He has "gone through economic loss . . . [his] family suffers, stress, depression, as well as [himself, his] credit has been affected[,] [his] children fear being kicked out of [their home, he does not] sleep well, [his] family is depressed. [*Id.* at 4, 6]. His economic loss is due to "damage reporting of credited." [*Id.* at 4]. He contends his

---

[2] The Court may take judicial notice of and consider publicly available documents and Court documents on a motion to dismiss. *See Lou v. Trutex, Inc.*, 872 F. Supp. 2d 344, at 350 n.6 (S.D.N.Y. 2012) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in court records of prior litigation and that relate to the case *sub judice*."); *In re Pfizer Inc. Sec. Litig.*, 584 F. Supp. 2d 621, 631 (S.D.N.Y. 2008) ("A court may also take judicial notice of facts 'not subject to reasonable dispute' . . . because they are ' . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)).

Fourteenth Amendment rights were violated because he and his family are "threatened with possible displacement." [*Id.* at 4, 6]. He claims "statements made by Shellpoint have been confusing" and it has not "validated proper documented rights." [*Id.* at 8]. None of these allegations has merit. Mr. Castro's amended complaint should be dismissed with prejudice because he does not state a claim for which relief can be granted.

### III.   LEGAL STANDARD

A complaint must be dismissed where it fails to allege facts sufficient to support the relief requested. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). While a complaint need not make "detailed factual allegations," it must contain more than mere "labels and conclusions or formulaic recitations of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint with "'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Moreover, where the complaint's factual allegations permit the Court to infer only a possible—but not a plausible—claim for relief, it fails to meet the minimum standard. *Id.* at 679.

In assessing a motion to dismiss under Rule 12(b)(6), the Court must take as true the allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Fait v. Regions Fin. Corp.*, 655 F.3d 105, 109 (2d Cir. 2011). Mere legal conclusions, however, do not merit this regard, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

IV. ARGUMENT

A. Mr. Castro's RESPA Claim Fails

Mr. Castro's amended complaint appears to allege only one somewhat coherent claim. He alleges defendants violated the REAL ESTATE SETTLEMENT PROCEDURES ACT (**RESPA**) by failing to respond to his QWR. *See* Dkt. No. 4 at 4, 9. This Court should dismiss the amended complaint because it is defective. Even if it were not, he does not plead a RESPA violation.

1. Mr. Castro's Amended Complaint is Defective

Mr. Castro did not attach any of the alleged QWRs to his amended complaint. [Dkt. No. 4]. His statement of claim only discusses the mailing of the alleged QWR in February 2017, notice of default in April 2017, and request to inspect the wet-ink note in June 2017. [*Id.* at 4-5]. He also did not plead the contents of the alleged QWRs. He only claims he requested "validation of debt and to properly provide proof owner in due course of debt." [*Id.* at 4]. His failure to attach the alleged QWRs or properly plead their contents in his amended complaint is fatal. *See, e.g., Noriega v. US Bank, Nat'l Ass'n*, No. 16-CV-1058(JS)(ARL), 2017 WL 3172998, at *7 (E.D.N.Y. July 25, 2017) (holding plaintiff did not plausibly plead a RESPA claim where "he failed to attach the [QWR] letter or posit any allegations regarding the contents of the letter or why it was sent."); *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 539 (E.D.N.Y. 2015) ("Plaintiff simply pleads conclusorily that he submitted a QWR/notice of error, adding that in his request he 'formally pointed to error and disputed the validity of his current debts with defendant,' and requested further information. Such a non-specific allegation is insufficient to support a plausible claim under the RESPA.") (internal citations omitted); *Miller v. HSBC Bank U.S.A., N.A.*, No. 13 CIV. 7500, 2015 WL 585589, at *10 (S.D.N.Y. Feb. 11, 2015) (dismissing plaintiff's RESPA claim where she did not plead with "more specificity, indicating for instance,

when a QWR was sent, to whom it was sent, why it was sent, and a summary of the request contained in the QWR") (internal citations and quotations omitted).

### 2. Mr. Castro Does Not Plead a RESPA Violation

Mr. Castro attached his QWR, notice of default, and request to inspect the wet ink note to his July 24, 2017 complaint. [Dkt. No. 1 at 14-32, 35-56, 59-60]. Because Mr. Castro is *pro se*, to the extent he contends his amended complaint is not deficient because of the exhibits attached to his original complaint, defendants will address the inadequacies of those documents. To state a claim under RESPA for an inadequate response to a QWR, Mr. Castro must prove: **(1)** defendants are servicers; **(2)** defendants received a QWR; **(3)** the QWR related to the servicing of his loan; **(4)** defendants' response was inadequate; and **(5)** he is entitled to actual or statutory damages. *Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 444-45 (E.D.N.Y. 2013). Mr. Castro cannot do so. His amended complaint must be dismissed.

First, Mr. Castro contends he sent a QWR to BoNYM. *See* Dkt. No. 1 at 7, 10, 14-32; Dkt. No. 4 at 4. All of his correspondence states Shellpoint is "acting as 'servicer'" for BoNYM. [Dkt. No. 1 at 14, 33, 35, 57, 59; *see also* Dkt. No. 4 at 4]. Under 12 U.S.C. § 2605(e), only a "servicer" is required to respond to a QWR. A "servicer" is defined as the "person responsible for servicing of a loan." 12 U.S.C. § 2605(i)(2). Mr. Castro acknowledges BoNYM is not the servicer of his loan. The complaint must be dismissed as against BoNYM.

Second, Mr. Castro does not plead a cognizable claim against Shellpoint. He directed his QWR to Shellpoint at "P.O. Box 740039, Cincinnati OH 45274-0039." *See* Dkt. No. 1 at 12. A borrower can find the address to which to direct a QWR on Shellpoint's website at

http://shellpointmtg.com/contact-us.³ Shellpoint directs a QWR or an "information request" to be mailed to Shellpoint at "P.O. Box 10826, Greenville SC 29603." (Mawere Decl., Ex. C). The Cincinnati address used by Mr. Castro is for sending general payments. (*Id.*). Shellpoint did not have a duty to respond to Mr. Castro's QWR because it was sent to the incorrect address. *See* 12 C.F.R. § 1024.36(b) (permitting a servicer to designate an address for a qualified written request); *Mack v. ResCap Borrower Claims Tr.*, 678 F. App'x 10, 14–15 (2d Cir. 2017) (holding the servicer had no obligation to respond to the QWR where borrowers sent it to the servicer's address for "General Inquiries" and not the designated address for QWRs); *see also Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) (borrower failed to allege servicer did not properly designate a QWR address or that her lawyer's letters were sent to that address).

Mr. Castro's RESPA claim must also be dismissed because he has not sufficiently pled damages. To survive a motion to dismiss, Mr. Castro must identify damages that he suffered. Such damages are either: **(1)** actual damages to him as a result of Shellpoint's failure to comply with RESPA; or **(2)** statutory damages in which he needs to demonstrate Shellpoint's pattern of noncompliance with RESPA. *See Kapsis*, 923 F. Supp. 2d at 444-45. Mr. Castro's claim of "emotional distress" without identifying any specific error in his account is insufficient to allege actual damages. *See, e.g., Kilgore*, 89 F. Supp. 3d at 539 (holding borrower's claim of actual damages was "conclusory and unsupported" where he claimed he "suffered financial loss and severe mental anguish and emotional distress of facing the loss of his home through foreclosure"); *Yanes v. Ocwen Loan Servicing, LLC*, No. 13-CV-2343 JS ARL, 2015 WL

---

³ This Court may take judicial notice of the address provided on Shellpoint's website. *See, e.g., Cunningham v. Cornell University*, No. 16-CV-6525 (PKC), 2017 WL 4358769, at *3 (S.D.N.Y. Sept. 29, 2017) (noting "courts may also take judicial notice of information contained on websites where the authenticity of the site has not been questioned") (internal citations omitted); *Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 430–31 (S.D.N.Y. 2016), *aff'd*, 692 F. App'x 51 (2d Cir. 2017)("[F]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination.") (internal citations and quotations omitted).

631962, at *7 (E.D.N.Y. Feb. 12, 2015) (borrower's conclusory "claims he suffered "financial loss and severe mental anguish and emotional distress over facing the loss or possible loss of his home" were insufficient to state a RESPA claim); *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-CV-3291 NGG SMG, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012) (borrower failed to explain how her "problems were specifically caused by Wells Fargo's alleged § 2605 violations" where she "suffered harm," was "on the verge of losing her home," "would have walk[ed] away from the loan if she had known the truth about its terms" and in her objections to the Court's Report and Recommendation stated her "intense emotional distress" and "exhausted [resources] after paying more than $100,000 over three years of mortgage payments on the house") (internal citations and quotations omitted); *but cf. Kapsis*, 923 F. Supp. 2d at 448 (holding borrower sufficiently pled actual damages where he alleged the servicer "misapplied" his payments).

Mr. Castro also does not allege statutory damages. To do so he must plead facts showing Shellpoint's "pattern of noncompliance," which he cannot do. His claims only involve his own loan. *See e.g., Gorbaty*, 2012 WL 1372260, at *5 ("Two violations do not qualify as a 'standard or routine way of operating'" and cannot sustain a RESPA claim for statutory damages) (internal citations omitted). This Court should dismiss Mr. Castro's amended complaint with prejudice because he does not plead a RESPA violation.

B.  **Mr. Castro's Remaining Claims are Not Viable**

Mr. Castro's amended complaint refers to the Truth in Lending Act, Fair Debt Collection Practices Act, Article 3 of the UCC, and what appears to be a claim for counterfeiting and forgery under "USC Title 18 part I chapter 25 § 541(a)(1)(2)(3)," without pleading a direct cause of action against defendants. *See* Dkt. No. 4 at 3. For most causes of action, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he

bases his claim. The general rule governing pleadings still requires a showing, rather than a blanket assertion, of some plausible entitlement to relief. *See Twombly*, 550 U.S. at 555-556 (Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). By not offering factual allegations, Mr. Castro has not satisfied the requirement of "providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* Mr. Castro's amended complaint must be dismissed.

## C.  No Further Amendments Allowed

Mr. Castro amended the original complaint of his own accord. It raises no plausible violation of federal or state statutes. Mr. Castro should not be allowed to amend again. Under Rule 15(b), this Court may allow a party to amend its pleading and should do so "freely . . . when justice so requires." An exception occurs where a party cannot plead any new facts that would entitle him to relief. Mr. Castro has failed to state a claim under any federal or state statute and he cannot cure these deficiencies in his pleadings. Any further attempt to amend his complaint must be denied as futile. *See, e.g., Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) ("when a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.,* if it appears beyond doubt plaintiff can plead no set of facts that would entitle him to relief"); *see also Azurite Corp. v. Amster & Co.*, 844 F. Supp. 929, 939 (S.D.N.Y. 1994) (denying leave to amend the complaint in response to a summary judgment motion where plaintiff's proposed "amendment would be futile because the factual foundations of Azurite's new allegations are insufficient, as a matter of law"). The amended complaint should be dismissed with prejudice.

### V. CONCLUSION

Mr. Castro does not plead a cognizable complaint under RESPA. BoNYM is not the servicer of his loan and is not required to respond to a QWR under RESPA. He also cannot state a claim against Shellpoint. Publicly available information shows Mr. Castro directed his QWR to the incorrect Shellpoint address. Even if Shellpoint was required to respond to Mr. Castro's QWR, he does not plead damages to support a viable cause of action against Shellpoint. Nor can Mr. Castro's conclusory references federal and state statutes, without any supporting facts, prevent dismissal. To the extent Mr. Castro seeks leave to amend his complaint, it must be denied. His amended complaint should be dismissed with prejudice in its entirety.

Dated: October 24, 2017

                          Respectfully submitted,

                          **AKERMAN LLP**

                          /s/ N.T. Mawere
                          Natsayi Mawere (natsayi.mawere@akerman.com)
                          Jordan M. Smith (jordan.smith@akerman.com)
                          666 Fifth Avenue, 20th Floor
                          New York, NY 10103
                          (212) 880-3800

                          *Attorneys for Defendants the Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-OA11 Mortgage Pass-Through Certificates Series 2006-OA11 and Shellpoint Mortgage Servicing*