F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 27 2017 ★

LONG ISLAND OFFICE

RECEIVED
NOV 27 2017
EDNY PRO SE OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK

Mario E. Castro,

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON
FKA THE BANK OF NE YORK, AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF CWALT INC.,
ALTERNATIVE LOAN TRUST 2006-OA11
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-OA11, SHELLPOINT MORTGAGE
SERVICING, all known and unknown, ect. al.
    Defendants.

Case No.: 2:17-cv-04375 (JS)(GRB)

## PLAINTIFF'S RESPONSE, OBJECTIONS AND/OR DENIAL TO DEFENDANTS NOTICE OF MOTION, DECLARATION OF NATSAYI MAWERE IN SUPPORT OF DEFENDANTS MOTION TO DISMISS, NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS, DEFENDANTS' MEMORANDUM OF LAW SUPPORTING THEIR MOTION TO DISMISS THE COMPLAINT

1. COMES NOW Plaintiff Mario E. Castro, for his Response, Objections and/or Denial to the Defendant's "NOTICE OF MOTION, DECLARATION OF NATSAYI MAWERE IN SUPPORT OF DEFENDANTS MOTION TO DISMISS, NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS, DEFENDANTS' MEMORANDUM OF LAW

SUPPORTING THEIR MOTION TO DISMISS THE COMPLAINT," filed on October 24, 2017 as follows to the Defendant's. These answers by Plaintiff are based upon information presently known by the Plaintiff. As the Plaintiff continues to develop his case through discovery and other means, he will supplement or amend these responses as appropriate and in accordance with Fed. R. Civ. P. 26(e).

2. Plaintiff states that he is not familiar with the rules of the court, however, he is familiar with his rights to have the rules suspended, and to have all of his presentments construed liberally, and Plaintiff do herby elect to exercise that right and request rules be suspended.

I. **PLAINTIFFS RESPONSE TO DEFENDANTS NOTICE OF MOTION**

   a. Plaintiff responds to the Defendants "Notice of Motion" and requests that Natsayi Mawere declaration and exhibits which are just copies be stricken and removed from the record in this case for the simple fact that all documents filed on the records are just copies and not certified copies which are exact copies of the original, therefore they are not permissible in court and should be thrown out and the person declaring that these are the true copies should be sanctioned for producing such document on record in this case that are not certified copies nor are they stating that they are the true and correct copies. Plaintiff requests that if the Defendants associate and/or Attorney claims that the documents are true and correct that they do so in a "Sworn Affidavit" and testify on the foundation of what is being presented into court under firsthand knowledge as being factual verifiable true and correct evidence. *(See Trinsey vs. Pagliaro)*. Plaintiff also states that even though instruments are filed in the county recorder's office as

public records, they do not check the instruments for validity, they only check that the instruments are in the proper form or format for filing therefore these instruments alone should not be construed as true without sufficient factual evidence backing its validity. Plaintiff claims that out of all the documents filed in this case by the Defendants, there is no evidence of the certified copy of the original note baring the Plaintiffs wet ink signature which gives the Defendants the right to foreclose or to collect any type of payment from the Plaintiff. Plaintiff claims that there has been a separation of the Original Note and Mortgage which would make the alleged copy of the mortgage assignment filed in this case by the associate of Akerman LLP (Defendants Attorney) a nullity. See…***Van Burkleo v. Southwestern, Tex. Civ. App., 39 S.W. 1085, 1087; Sheldon v. Sill, 49 U.S. 441 (1850) 49 U.S. 441, Kirby v. Williams, 230 F.2d 330***. There is also mention that MERS assigned both the mortgage and the "Note" but MERS has never been in possession of the Plaintiffs Original Note baring his wet ink signature therefore Plaintiff is "Demanding" that a proper **"chain of title"** be produced regarding this alleged mortgage account and Original Mortgage Note along with a copy of the **S3 registration statement, 2046 Balance Sheet, 1099 OID report, 424 B-5 prospectus (security filing), Pooling and Servicing Agreement (PSA) and FASB (Financial Accounting Standards) 125, 133, 140, 5 and 95**. In regards to Plaintiffs Presentment via certified US Postal guaranteed mail delivery sent on Feb. 8, 2017, with tracking number EL 57597329US and proof of delivery with signature see 95909402149753297460094 tracking of item, and received by Defendants (ShellPoint Mortgage Servicing) and signed by A. Keith February 9,

2017 for which I originally stated in my complaint that it was sent to the wrong address, however Plaintiff received confirmation in the form of a letter dated April 27, 2017 from the Defendants (ShellPoint Mortgage Servicing) see statement included marked exhibit "D" as evidence, in which Defendant Shellpoint Mortgage Servicing states, " This is a response to your recent inquiry regarding the above –referenced account serviced by Shellpoint Mortgage Servicing on behalf of THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA11, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA11", where they allege "the owners of your loan"..and Shellpoint gives contact information as : 101 Barclay St., 8W New York, N.Y. 10286..this address is where Plaintiff resent duplicate of requests for validation and to give the alleged creditor notice that we seek information from Shellpoint Mortgage Servicing. As of 11/25/2017, it has been more than 7 months from letter in exhibit "D", Plaintiff has not received answers from Shellpoint in regards to the Qwr for proof of proper validation. Shellpoint also states in this letter that "We are working to gather the requested information and will forward it to you as soon as possible ." This correspondence from Shellpoint is **Evidence** that my correspondence was received and transferred to the correct department for a response for which they provided an expected time of response "as soon as possible"...... to receive a response therefore there was no need for Plaintiff to continue sending out anymore Presentments to any other address of the Defendants requesting for information until they responded as stated in their

letter. This correspondence is included in my response as Exhibit *D* Evidence. So again, Plaintiff claims that the Defendants have not validated the alleged debt and are in violation of the FDCPA as stated in the amended complaint. Plaintiff claims for these reasons, this case should not be dismissed and this court should proceed as scheduled.

3. So again, Plaintiff claims that the Defendants have not validated the alleged debt and are in violation of Plaintiffs rights to receive such information, the FDCPA, RESPA, as stated in the amended complaint. Plaintiff states for these reasons, he has presented factual evidence on record to support his claims therefore this case should not be dismissed and this court should proceed as scheduled.

## II. PLAINTIFF RESPONSE TO DECLARATION OF NATSAYI MAWERE IN SUPPORT OF DEFENDANTS MOTION TO DISMISS

4. Plaintiff states that the averments contained in Paragraph 1 of this section do not contain factual averments and are legal conclusions or statements to which no response is required. To the extent a response is required, Plaintiff denies the averments contained in Paragraph 1 of this declaration.

5. Plaintiff states that the averments contained in Paragraph 2 of this section be removed including the documents filed on the record for the reasons mentioned above in "Plaintiffs Response to Defendants Notice of Motion." Plaintiff states that there is no other response needed regarding Paragraph 2, to the extent there does need to be a response, the Plaintiff denies any and all averments and or Exhibits filed on the record

that are not updated certified copies Sworn to in an Affidavit under firsthand knowledge to be true, correct and accurate and are a nullity in this matter.

6. Plaintiff states that the averments contained in Paragraph 3 of this section be removed including the documents filed on the record for the reasons mentioned above in "Plaintiffs Response to Defendants Notice of Motion." Plaintiff states that there is no other response needed regarding Paragraph 3, to the extent there does need to be a response, the Plaintiff denies any and all averments and or Exhibits filed on the record that are not updated certified copies Sworn to in an Affidavit under firsthand knowledge to be true, correct and accurate and are a nullity in this matter.

7. Plaintiff states that the averments contained in Paragraph 4 of this section be removed including the documents filed on the record for the reasons mentioned above in "Plaintiffs Response to Defendants Notice of Motion." Plaintiff states that there is no other response needed regarding Paragraph 4, to the extent there does need to be a response, the Plaintiff denies any and all averments and or Exhibits filed on the record that are not updated certified copies Sworn to in an Affidavit under firsthand knowledge to be true, correct and accurate and are a nullity in this matter.

### III. <u>PLAINTIFFS RESPONSE TO DEFENDANTS NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS</u>

8. Plaintiff responds to Defendants in this referenced section by stating, Plaintiff has filed an Affidavit of Fact on the record and Plaintiff has a right to a trial by jury against anyone claiming they have equitable interest in Plaintiffs property and against whomever

threatens to deprive Plaintiff of Life, Liberty, or Property and doing so will violate his 5th Amendment rights to a trial by jury and his "due process rights" for which he explicitly reserves and retains. Plaintiff claims that he is unaware of this alleged trust and further requests that Defendants respond to any and all questions point by point and produce all documents requested in his **RESPA (Qualified Written Request)** and **Affidavit of Fact** which has already been filed on the record as **Evidence** and labeled as **Exhibit A** for which judging by the Defendants response a copy may have not been included when served upon the Defendants. Plaintiff claims that there is enough evidence filed on the record to prove that the Defendants (Shellpoint Mortgage Servicing) received the Plaintiffs Presentments in the form of a **RESPA (Qualified Written Request)** and **Affidavit of Fact** but have failed to respond as required by law. All Affidavits must be answered or considered as true and correct as required by law. See...*Melorich Builders, Inc. v. Superior Court (Serabia) (1984).* Plaintiff request that if the Defendants fails to produce and/or disclose on the record everything that the Plaintiff requested in his **RESPA (Qualified Written Request)** and **Affidavit of Fact** which will support the Plaintiffs claims or fails to rebut Plaintiffs Affidavit without producing the factual evidence to support their reason for their rebuttal as a requirement for a proper rebuttal that this court should consider the claims mentioned in the Plaintiffs RESPA (Qualified Written Request) and **Affidavit of Fact** as true and correct and Evidentiary evidence to the fact that the Defendants claims are frivolous and therefor the Judge or Jury should rule in Plaintiffs favor and grant him the relief requested in his amended complaint.

## IV. PLAINTIFFS RESPONSE TO DEFENDANTS NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING RULE 7.1 DISCLOSURE STATEMENT

9. Plaintiff states that the averments contained in Paragraph 1 of this section do not contain factual averments and are legal conclusions or statements to which no response is required. To the extent a response is required, Plaintiff states that he is without sufficient knowledge to the alleged facts and therefore denies the averments contained in Paragraph 1 and requests that the Defendant produce on the record sufficient certified evidence of their articles of organization and structure.

10. Plaintiff states that the averments contained in Paragraph 2 of this section do not contain factual averments and are legal conclusions or statements to which no response is required. To the extent a response is required, Plaintiff states that he is without sufficient knowledge to the alleged facts and therefore denies the averments contained in Paragraph 2 and requests that the Defendant produce on the record sufficient certified evidence of their articles of organization and structure.

## V. PLAINTIFFS RESPONSE TO DEFENDANTS MEMORANDUM OF LAW SUPPORTING THEIR MOTION TO DISMISS THE COMPLAINT

11. Plaintiff states that the averments contained in **Paragraph I** of this section that the averments contained in the Defendants averments are just assumptions and not factual allegations and that the Defendants have not produced any such evidence that an actual loan was given to the Plaintiff nor have they provided sufficient evidence that the alleged debt still exists and until they can validate this alleged debt in the manner requested in

Plaintiffs **RESPA (Qualified Written Request)** and **Affidavit of Fact** the Plaintiff objects and denies any and all claims referenced by the Defendants. Plaintiff also claims and has stated in his presentments that he would be happy to pay any lawful and validate debts that he may owe and/or workout some sort of modification if needed to bring the alleged loan current but the Defendants are denying him his rights to view and inspect vital documents that would validate their positions and claims of an alleged debt which the Defendants are stating is owed to them by the Plaintiff therefore the Defendants motion to dismiss should be denied.

12. Plaintiff states and agrees to portions of the averments contained in **Paragraph II** of this by the Defendants and denies the validity of the alleged assignments and requests a chain of title on all alleged mortgage assignments to this present date in certified affidavit form. Plaintiff adds to the statement of his 14th amendment rights being violated and claims his 5th amendment rights are also being violated and/or threatened by the Defendants. Plaintiff claims that he has provided sufficient evidence on the record as Exhibit - A for which his claims are formed and that the Defendants are required under TILA to respond to such requests and consumer requests to the alleged debt validated as requested which they have not therefore the Plaintiff has stated a claim for which relief can be granted and has produced such evidence on the record in this case so again, the Defendants request for a dismissal with prejudice should be denied and this court should proceed with this case.

13. Plaintiff objects to and/or denies the averments contained in **Paragraph III (Legal Standard)** of this section for the facts contained within numerous sections of this response and the evidence filed on the record by the Plaintiff.

14. Plaintiff objects to and/or denies the averments contained in **Paragraph IV (Argument – A Mr. Castro's RESPA Claim Fails)** of this section and claims that the Defendant has violated numerous consumer laws that protect the consumer and the Defendants are required to respond to. For the Defendants failure to respond, they have violated RESPA, and numerous sections of the FDCPA which the Plaintiff has claimed and provided evidence of therefore the Defendants Dismissal should be denied.

15. Plaintiff objects to and/or denies the averments contained in **Paragraph IV (Argument – A 1. Mr. Castro's Amended Complaint is Defective)** of this section and claims that he has filed copies of his QWR and Affidavit on the record in this case and has attached what has been filed in this case with this response to the Defendants since is seems like they have not received a copy of these Presentment Instruments. Plaintiff also claims that the RESPA request presentment states why the information was being requested and this evidence is plausible on the face of the instrument.

16. Plaintiff objects to and/or denies the averments contained in **Paragraph IV (Argument – A 2. Mr. Castro's Does Not Plead a RESPA Violation)** by the Defendants for; **1.)** Defendant has stated that they did not receive any attachments but are referencing the details of the RESPA/QWR in this section which proves that they received it; **2.)** Plaintiff has proven that the Defendants presented with the RESPA/QWR request are servicers and if the Defendants believes he hasn't, the Defendants have confirmed this in their own filings dated October 24, 2017; **3.)** Plaintiff has included a return receipt signed by the Defendants as proof evidencing their receipt of Plaintiffs presentments and also the letter from the Defendants stating they received it and will respond on a certain date; **4.)** Plaintiffs RESPA/QWR presentment states on its face that it is in regards to the servicing

of the alleged loan that the Defendants are claiming; **5.)** Plaintiffs letter from Defendants Shellpoint shows that their response was inadequate and the fact that they never sent Plaintiff anything after Plaintiff received this letter; **6.)** Plaintiff has stated that he is entitle to relief which include damages for their violations of law and his rights and Plaintiff can bring forth copies of his credit report, numerous calls to Plaintiff as evidence to his cause for damages. Plaintiff states that he has mailed copies of these presentments to BoNYM without a response as well and since they are associated with Shellpoint, they are involved as Defendants in this case and as more information becomes available in discovery, Plaintiff should be allowed to add other violations of law and statutes as they come forth during discovery therefore because of the mass involvement and claims that BoNYM is claiming within this case, they should not be dismissed from this case.

17. Plaintiff also claims that he has addressed the QWR and the mailing to Shellpoint within this response so no further response is required for this section regarding the mailing and receipt of the QWR. Plaintiff again states that since the Defendants (Shellpoint) sent a correspondence to the Plaintiff stating they have received his presentments and a date when they expect to send him a response, the Defendants have voluntarily accepted the responsibility to respond Evidenced by their letter Exhibit C.

18. Plaintiff claims damages to his credit report, emotional distress from the numerous calls regarding an alleged debt, and written statements with threats of foreclosure by Shellpoint if monies are not sent to Shellpoint. No proper validation has been given, and these threats to him and his family of foreclosure, displacement, embarrassment, has caused the latter and inability to sleep and perform at his job, stress to his children that would

deprive them of a home ,..these threats invalidated are violations of FDCPA, and TILA which evidence can be provided during discovery.

19. Plaintiff states that he has already provided proof of Defendants (Shellpoint) noncompliance with RESPA evidenced by the 3 presentments filed on record in this case as Exhibit A. Plaintiff also claims that the Defendants has denied him the right to discover any other evidence to support any accounting errors or any other errors because they have not produced any certified true and correct copies of the financials or anything requested in his Presentments.

20. Plaintiff claims that he has plead facts to which he knows of and that the Defendants have provided no factual evidence that they lent the Plaintiff anything of value and are entitled to any type of payment secured by the Original Note baring the Plaintiffs wet ink signature and requests that the Defendant respond with factual evidence of a lawful debt being owed to whomever is claiming it is owed to by responding completely to the Plaintiffs RESPA (Qualified Written Request) and Affidavit of Fact. Plaintiff has already responded to the Defendants denial of a RESPA violation.

21. Plaintiff objects to and/or denies the averments contained in **Paragraph IV (Argument – B. Mr. Castro's Remaining Claims are Not Viable)** by the Defendants and Claims that he has pleaded a direct cause of action against the Defendants referenced by the Evidence filed in this case as Exhibit A for which his case is based on.

VI. Plaintiff objects to and/or denies the averments contained in **Paragraph IV (Argument – C. No Further Amendments Allowed)** and states that even though Plaintiff has already amended his complaint, he should still be allowed to bring forth other statutes and laws that the Defendants are violating as the evidence of new facts

becomes available in discovery that will entitle him to relief as they were not available at the initial filing of his complaint because the Defendants failed to respond.

## VII. FURTHER GENERAL ALLEGATIONS

13. The Plaintiff failed and refuses to properly respond and/or rebut the Defendants Presentments (Affidavit, and RESPA/DEBT VALIDATION) for which they have defaulted on and therefore acquiescence by their silence. (See. Exhibits A-B)

14. The Plaintiff have no verifiable valid proof validating their purchase of this alleged loan from any previous alleged creditors/lenders nor receipts, bill of sales ect…which would validate a valid purchase and transfer of this alleged debt.

15. The Plaintiff bank and/or Original Lender (Countrywide Bank FSB) advertised they loan money.

16. Defendant applied for a loan of money.

17. Plaintiff and/or Original Lender (Countrywide Bank FSB) refused to loan Defendant legal tender or other depositors' money to fund the alleged bank loan cheque.

18. The Plaintiff bank and/or Original Lender misrepresented to the Defendant the elements of the alleged agreement.

19. The Plaintiff and/or Original Lender (Countrywide Bank FSB) used this loan to fund the alleged bank loan cheque, back to Defendant.

20. The Plaintiff and/or Original Lender (Countrywide Bank FSB) at no time loaned Defendant legal tender or other depositors' money in a certain amount or repay the unauthorized loan it recorded from Defendant to the bank.

21. Plaintiff and/or Original Lender created a contract, which was void, in that the lending officer did not have the power under the Bank Charter to loan, the Defendant credit; the contract was "ultra vires." (See Defendants Memorandum of Law)

22. Plaintiff is in violation of the usury laws in that the Plaintiff did charge interest on credit and not money. Defendant alleges that Plaintiff through their conduct have defrauded Defendant and based upon this fraud are in violation of Federal Banking Law 12 USC §24 (7) and subject to SC Code § 34-3-210 Plaintiff have irreparably damaged the Defendant by trying to depriving him of his property and inflicting serious mental and emotional damage to Defendant.

23. The Plaintiff and/or the Original Lender changed the cost and the risk of the alleged loan.

24. At all times the Plaintiff operated without Defendant's knowledge, permission, authorization, or agreement.

25. The Plaintiff and/or Original Lender bank refused to provide full disclosure of material facts of the alleged agreement, refusing to tell Defendant if the agreement was for Defendant to fund the alleged bank loan cheque or if the Plaintiff and/or Original Lender was to use the bank's legal tender or other "depositors" money to fund the bank loan cheque.

26. The Plaintiff and/or Original Lender refused to disclose whether the cheque was the consideration loaned for the alleged promissory note.

## VIII. CONCLUSION

For the objections, denials and responses outlined above, enough evidence is before this court to deny Defendants Dismissal request and BoNYM request to be removed and Natsayi Mawere declaration be stricken and removed from the record and for this court to proceed with the Plaintiffs complaint.

Respectfully submitted,

"Without Prejudice"

_____
Mario E. Castro, Propria Persona, Sui Juris
All Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1-103
c/o 419 West Hills Road
Melville, New York 11747

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW YORK

| | |
|---|---|
| Mario E. Castro,<br><br>  Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NE YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT INC., ALTERNATIVE LOAN TRUST 2006-OA11 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA11, SHELLPOINT MORTGAGE SERVICING, all known and unknown, ect. al.<br>  Defendants. | Case No.: 2:17-cv-04375 |

### CERTIFICATE OF SERVICE

I hereby certify that, on this 27 day of November, 2017, a true and complete copy of the foregoing "PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS NOTICE OF MOTION,

DECLARATION OF NATSAYI MAWERE IN SUPPORT OF DEFENDANTS MOTION TO DISMISS, NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS, DEFENDANTS' MEMORANDUM OF LAW SUPPORTING THEIR MOTION TO DISMISS THE COMPLAINT," by depositing the same in the United States mail, postage prepaid, has been duly served upon all parties of record in these proceedings.

**Addressed to:**

AKERMAN LLP
Attention: Natsayi Mawere / Jordan M. Smith (Attorneys for Plaintiff)
666 Fifth Avenue, 20th Floor
New York, NY 10103
Certified Mail #: 1701 7 000000 8074 2766

"Without Prejudice"

Mario E. Castro, Propria Persona, Sui Juris
All Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1-103
c/o 419 West Hills Road
Melville, New York 11747

## NOTARY'S CERTIFICATE OF SERVICE

It is hereby certified, that on the date noted below, the undersigned Notary Public mailed to:

AKERMAN LLP
Attention: Natsayi Mawere / Jordan M. Smith
666 Fifth Avenue, 20th Floor
New York, NY 10103

Herein after, "Recipient," the documents pertaining to Case # **2:17-cv-04375** regarding **Mario E. Castro** as follows:

1. Copy of **"PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS NOTICE OF MOTION, DECLARATION OF NATSAYI MAWERE IN SUPPORT OF DEFENDANTS MOTION TO DISMISS, NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION SUPPORTED BY MATTERS OUTSIDE THE PLEADINGS, DEFENDANTS' MEMORANDUM OF LAW SUPPORTING THEIR MOTION TO DISMISS THE COMPLAINT,"** issued by Mario E. Castro and dated 11/27/2017 (16 pages); and
2. Copy of **Exhibits** A-C (60 pages); and
3. Copy of **letter from Shellpoint (1 page "D"); and**
4. reference copy of this **Notary's Certificate of Service** (signed original on file) 1 page

by Certified Mail No. __17017 1000 000 8074 2766__ Return Receipt attached by placing same in a postpaid envelope properly addressed to Recipient at the said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of New York.

Total of __62__ pages. With Notary's Certificate of Service

_____  11/27/17
Mario E. Castro                    Date

Notary Public Signature: _____

Notary Public Print: Joseph Droogan

JOSEPH TERENCE DROOGAN
Notary Public - State of New York
NO. 01DR6325776
Qualified in Suffolk County
My Commission Expires Jun 1, 2019

Date: 11/27/17

My Commission Expires: 6-1-2019

(SEAL)

P.O. BOX 51850
LIVONIA MI 48151-5850
RETURN SERVICE REQUESTED



**Shellpoint**
Mortgage Servicing

Phone Number: 866-316-4706
Fax: 866-467-1137
www.shellpointmtg.com
Mon - Thurs: 8:00AM-10:00PM
Fri: 8:00AM-10:00PM
Sat: 8:00AM-3:00PM

S-SFRECS20 L-150 R-117
P6W97I00200347 - 515718769 I00694
MARIO E CASTRO
419 W HILLS RD
MELVILLE NY 11747-1045

04/27/2017

RE: Loan Number: 0578156729
    Borrower: Mario E Castro

Dear Mario E Castro:

This letter is in response to your recent inquiry regarding the above-referenced account serviced by Shellpoint Mortgage Servicing on behalf of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA11, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA11, the owner of your loan. Their contact information is:

    Address: 101 Barclay St., 8W   New York NY 10286

We are working to gather the requested information and will forward it to you as soon as possible.

If you have any additional questions or concerns, please contact our Customer Service department at 866-316-4706.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan español al número 866-316-4706.

**Customer Service**
**Shellpoint Mortgage Servicing**



Exhibit D

**SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.**

P I000001  A-0578156729 000780101J0400