UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIO E. CASTRO,

                Plaintiff,

          v.

THE BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF CWALT INC.,
ALTERNATIVE LOAN TRUST 2006-OA11
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-OA11, SHELLPOINT MORTGAGE
SERVICING,

                Defendants.
-----------------------------------------------------------------X

Case No. 2:17-CV-04375

## DEFENDANTS' REPLY FURTHER SUPPORTING THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

Plaintiff Mario Castro's opposition identifies no grounds to prevent granting BoNYM and Shellpoint's motion to dismiss.[1] Mr. Castro's opposition is largely based on the erroneous assumption that he is responding to a foreclosure complaint and discovery demands. The only somewhat comprehensible argument he makes is defendants violated federal and state statutes, including not responding to his QWR. None of Mr. Castro's nonsensical claims are or could be sufficiently pled. This motion to dismiss should be granted.

### II. ARGUMENT

**A.    The Amended Complaint Must be Dismissed as Defective.**

Mr. Castro's contention that his "complaint" included copies of his "QWR" and "Affidavit," (Opp., ¶¶ 15-17), is disproved by the pleading itself. Mr. Castro did not attach any

---

[1] Terms defined in defendants' memorandum of law dated October 24, 2017, have the same meaning unless otherwise noted.

43542575;1

of the alleged QWRs to his amended complaint. *See* Dkt. No. 4. His failure to attach the QWRs or plead their contents in his amended complaint is fatal. *See, e.g., Noriega v. US Bank, Nat'l Ass'n*, No. 16-CV-1058(JS)(ARL), 2017 WL 3172998, at *7 (E.D.N.Y. July 25, 2017) (holding plaintiff did not plausibly plead a RESPA claim where "he failed to attach the [QWR] letter or posit any allegations regarding the contents of the letter or why it was sent."); *Miller v. HSBC Bank U.S.A., N.A.*, No. 13 CIV. 7500, 2015 WL 585589, at *10 (S.D.N.Y. Feb. 11, 2015) (dismissing plaintiff's RESPA claim where she did not plead with "more specificity, indicating for instance, when a QWR was sent, to whom it was sent, why it was sent, and a summary of the request contained in the QWR") (internal citations and quotations omitted).

**B.     Mr. Castro Does Not Plead a RESPA Claim.**

Mr. Castro continues to assert defendants did not respond to his QWR but has nothing to say in response to defendants' substantive arguments for dismissal. Even if he did, his arguments are not meritorious. To plead a cognizable claim under RESPA, Mr. Castro must prove: **(1)** defendants are servicers; **(2)** defendants received a QWR; **(3)** the QWR related to the servicing of his loan; **(4)** defendants' response was inadequate; and **(5)** he is entitled to actual or statutory damages. *Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 444-45 (E.D.N.Y. 2013). Mr. Castro's opposition is silent on most of these elements.

First, because BoNYM is not Mr. Castro's servicer, the complaint must be dismissed as against it.

Second, Mr. Castro does not dispute that he sent the QWR to the incorrect address, relieving Shellpoint of any duty to respond to the QWR. *See* 12 C.F.R. § 1024.36(b) (permitting a servicer to designate an address for a qualified written request); *Mack v. ResCap Borrower Claims Tr.*, 678 F. App'x 10, 14–15 (2d Cir. 2017) (holding the servicer had no obligation to

respond to the QWR where borrowers sent it to the servicer's address for "General Inquiries" and not the designated address for QWRs); *see also Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) (borrower failed to allege servicer did not properly designate a QWR address or that her lawyer's letters were sent to that address).

Mr. Castro's RESPA claim must also be dismissed because he has not sufficiently pled damages. He alleges "damages to his credit report, emotional distress from the numerous calls regarding an alleged debt, and written statements with threats of foreclosure by Shellpoint if monies are not sent to Shellpoint . . . displacement, embarrassment . . . inability to sleep and perform his job, [and] stress to his children." (Opp., ¶ 18). These claims of "emotional distress" are insufficient to allege actual damages. *See, e,g., Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 539 (E.D.N.Y. 2015) (holding borrower's claim of actual damages was "conclusory and unsupported" where he claimed he "suffered financial loss and severe mental anguish and emotional distress of facing the loss of his home through foreclosure"); *Yanes v. Ocwen Loan Servicing, LLC*, No. 13-CV-2343 JS ARL, 2015 WL 631962, at *7 (E.D.N.Y. Feb. 12, 2015) (borrower's conclusory "claims he suffered "financial loss and severe mental anguish and emotional distress over facing the loss or possible loss of his home" were insufficient to state a RESPA claim). Mr. Castro also cannot allege statutory damages because his claims *only* involve his own loan. This Court should dismiss the amended complaint in its entirety.

**C.   The Remaining Claims are Not Viable.**

Mr. Castro conclusorily refers to the Fair Debt Collection Practices Act, "Federal Banking Law 12 U.S.C. 24(7)" and what appears to be a claim under South Carolina's banking statute, "SC Code § 34-3-210," without pleading a direct cause of action against defendants. (Opp., ¶¶ 3, 14, 22). He also claims his loan is usorious. (*Id.*, ¶¶ 21-22). Mr. Castro cannot

3

amend his complaint by an argument in his opposition. Even if he could, by not offering factual allegations or any arguments in support of these claims in his amended complaint, Mr. Castro has not satisfied the requirement that a pleading show some plausible entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). These claims must be dismissed.

### D. Discovery is No Bar.

Mr Castro appears to argue defendants must produce evidence of the note to prove their standing to foreclose. (Opp., ¶ 2). He also challenges the mortgage assignment to BoNYM. (*Id.*). Both arguments are nonsense. This is not defendants' foreclosure and they have no obligation to prove standing. Mr. Castro—who is not a party or an intended beneficiary of the mortgage assignment—cannot challenge the mortgage assignment. *See Tamir v. Bank of N.Y. Mellon*, No. 12-CV-4780 DLI JO, 2013 WL 4522926, at *3-4 (E.D.N.Y. Aug. 27, 2013) (holding borrower lacked standing to challenge assignment of mortgage because she was not a party to the assignment and was not injured by it, and collecting cases); *see also Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 Fed. App'x 97, 102-03 (6th Cir. 2010) ("[T]here is ample authority to support the proposition that a litigant who is not a party to an assignment lacks standing to challenge that assignment." (internal quotation marks omitted)).

Mr. Castro also appears to challenge the recorded mortgage, mortgage assignment, and Shellpoint's contact information, which are attached as exhibits to defendants' moving papers. (Opp., ¶ 2). He contends a "sworn affidavit" is required to authenticate these documents. (*Id.*). These documents are publicly available to Mr. Castro should he wish to verify them. This Court can take judicial notice of a recorded mortgage and mortgage assignment. *See* Exs. A-B; *see also Affronti v. Crosson*, 95 N.Y.2d 713, 720 (2001) (census data "is a proper subject of judicial

notice because it is taken from public records"); *People v. Woods*, 30 A.D.3d 983, 984 (4th Dep't 2006) ("the court is entitled to take judicial notice of facts appearing in [] public records"). It can also take judicial notice of the address to which QWRs should be directed, which is provided on Shellpoint's website. *See* Ex. C; *see also Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 430–31 (S.D.N.Y. 2016), *aff'd,* 692 F. App'x 51 (2d Cir. 2017) ("[F]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination.") (internal citations and quotations omitted). Even the case Mr. Castro cites is distinguishable. The court in *Trinsey v. Pagliaro* denied a motion to dismiss in an action seeking to nullify a deed and remove cloud on the title where the motion to dismiss relied on statements made at oral argument, not "affidavits or depositions." 229 F. Supp. 647, 649 (E.D. Pa. 1964).

E.     **Mr. Castro Should Not Be Allowed to Another Amendment.**

Mr. Castro contends he "should be allowed to add other violations of law and statutes as they come forth during discovery because of the mass involvement and claims BoNYM is claiming within the case." (Opp., ¶ 16). While Rule 15(a) provides leave to amend a pleading "freely . . . when justice so requires," leave should be denied where the proposed amendment is futile. *See, e.g., Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (quoting *Nettis v. Levitt*, 241 F.3d 186, 193 (2d Cir. 2001) ("'[o]ne appropriate basis for denying leave to amend is that the proposed amendment is futile.'")). A proposed amendment to a pleading is futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), *see, e.g., Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir. 2003); *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002), or if the amendment would be

43542575;1

conclusory or contradictory, *see Savitsky v. Mazzella*, 210 F. App'x 71, 72 (2d Cir. 2006). Mr. Castro has already amended his complaint. [Dkt. No. 4]. Because he provides no hint what else he may plead, there is no reason to believe a further amended complaint would survive a renewed motion to dismiss.

Speculation as to what else Mr. Castro might plead cannot save his case, which is insufficient as a matter of law to sustain any claim. It should be dismissed with prejudice.

### III. CONCLUSION

Mr. Castro's opposition does not coherently address any of the grounds on which defendants moved to dismiss the amended complaint. Mr. Castro fails to plead a cognizable RESPA claim. BONYM is not required to respond to a QWR because it is not the servicer of his loan. Mr. Castro also directed his QWR to the wrong address, which he does not dispute. Even if Shellpoint were required to respond, Mr. Castro does not plead damages caused by a failure to respond sufficiently to support a viable claim against Shellpoint. Mr. Castro's conclusory references to other federal and state statutes and a need for discovery do not prevent dismissal. Mr. Castro's amended complaint should be dismissed without further leave to amend.

43542575;1

Dated: December 11, 2017

        Respectfully submitted,

        **AKERMAN LLP**

        _____
        Natsayi Mawere (natsayi.mawere@akerman.com)
        Jordan M. Smith (jordan.smith@akerman.com)
        666 Fifth Avenue, 20th Floor
        New York, NY 10103
        (212) 880-3800

        *Attorneys for Defendants the Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-OA11 Mortgage Pass-Through Certificates Series 2006-OA11 and Shellpoint Mortgage Servicing*