```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARIO E. CASTRO,

                    Plaintiff,           MEMORANDUM & ORDER
                                         17-CV-4375(JS)(GRB)
         -against-

THE BANK OF NEW YORK MELLON, as
trustee for the certificate holders
of CWALT Inc., Alternative Loan
Trust 2006-0A11 mortgage pass
through certificates 2006-0A11,
f/k/a THE BANK OF NEW YORK;
SHELLPOINT MORTGAGE SERVICING;
and UNKNOWN DEFENDANTS,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Mario E. Castro, pro se
                    419 West Hills Road
                    Melville, New York 11747

For Defendants:     Joseph M. DeFazio, Esq.
                    Natsayi Mawere, Esq.
                    Akerman LLP
                    666 Fifth Ave, 20th Floor
                    New York, New York 10018
```

SEYBERT, District Judge:

Before the Court is the motion of defendants The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-OA11 Mortgage Pass-Through Certificates Series 2006-OA11 (the "Bank") and Shellpoint Servicing Incorporated ("Shellpoint") (together, "Defendants") to dismiss plaintiff Mario E. Castro's ("Plaintiff" or "Castro") Second Amended Complaint ("SAC"). (See

Mot. D.E. 32; SAC, D.E. 23.) For the following reasons, Defendants' motion is GRANTED and all claims are DISMISSED WITH PREJUDICE.

BACKGROUND

The Court assumes the parties' familiarity with the record and the Court's previous Order and discusses the underlying facts and issues only to the extent necessary to resolve this motion. (See generally Castro v. Bank of N.Y. Mellon, 17-CV-4375, 2018 WL 4158344 (E.D.N.Y. Aug. 30, 2018); and Aug. 30, 2018 M&O, D.E. 19.) Previously, in his Amended Complaint,[1] Plaintiff generally alleged that while servicing his mortgage loan, Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 et seq., and the Fourteenth Amendment of the Constitution. (Am. Compl. at ECF pp. 3-7; Castro, 2018 WL 4158344, at *1-2.) On October 24, 2017, Defendants moved to dismiss the Amended Complaint (First Mot., D.E. 13), and this Court granted the motion in part and denied it in part (Castro, 2018 WL 4158344 at *7). The Court dismissed several claims with prejudice: the RESPA claim against the Bank, the Fourteenth Amendment claim against the Bank and Shellpoint,

---

[1] Plaintiff initially filed a Complaint on July 24, 2017. (Compl., D.E. 1.) The initial Complaint was not served on any parties. Plaintiff filed an Amended Complaint on August 2, 2017. (Am. Compl., D.E. 4.)

2

and, to the extent the Court construed them as asserted by the Amended Complaint, claims under the Truth in Lending Act ("TILA") and Article 3 of the Uniform Commercial Code ("UCC"). Castro, 2018 WL 4158344 at *7, *6 n.11. The Court dismissed without prejudice and granted Plaintiff leave to replead only (1) his RESPA claim against Shellpoint and (2) his FDCPA claims against the Bank and Shellpoint. Id. at *7.

With respect to the RESPA claim, the Amended Complaint alleged that Defendants violated the statute by failing to respond to Plaintiff's Qualified Written Request ("QWR") and related correspondence seeking information about his mortgage and debt. (Am. Compl. at ECF pp. 4-5.) He generally alleged economic loss, depression, and anxiety. (Am. Compl. at ECF pp. 4, 6, 7.) As relevant here, in the prior Order, this Court found that Plaintiff's allegations of damages in connection with Defendants' RESPA violations were insufficient. Castro, 2018 WL 4158344 at *5. Specifically, he had not "explained how Shellpoint's failure to respond caused his damages." Id. at *5. The Court observed that "[b]ased on these allegations, it appear[ed] that Plaintiff's damages were not caused by Shellpoint's failure to respond to the QWR, but by difficulties repaying the mortgage loan and potential foreclosure proceedings." Id.

As to the FDCPA claim, the Amended Complaint alleged that Plaintiff and his family suffered stress and harassment,

3

received numerous phone calls, and were subject to confusing statements by Shellpoint. (Am. Compl. at ECF 4, 8.) The Court held that it was "unclear whether [the Bank] or Shellpoint are debt collectors within the meaning of the statute" and, further, that Plaintiff had "fail[ed] to plead factual allegations to support [his] claims and fail[e]d to provide the 'short plain statement' required by [Federal Rule of Civil Procedure Rule 8]." Castro, 2018 WL 4158344 at *6.

In granting Plaintiff leave to replead his RESPA claim against Shellpoint and his FDCPA claims against the Bank and Shellpoint, this Court warned Plaintiff that "[i]n any amended pleading, Plaintiff is directed to plead specific facts (1) to demonstrate that his damages were proximately caused by Shellpoint's failure to respond to his QWR, and (2) to support his claims under the FDCPA. Additionally, if Plaintiff chooses to re-plead his [RESPA] Section 2605(e) claim, he is directed to attach the QWR to the Second Amended Complaint." Id. at *7.

After Plaintiff filed his SAC Defendants again moved to dismiss on February 4, 2019. (Def. Second Mot., D.E. 32.) On April 3, 2019 Plaintiff filed his opposition to Defendants' Second Motion to Dismiss, (Pl. Opp., D.E. 39), and then subsequently filed a "Declaration" after the due date for his opposition. (Decl., D.E. 42.) On April 22, 2019 Defendants filed their reply. (Def.

4

Reply, D.E. 44.)  For the following reasons, Defendants' motion is GRANTED.

DISCUSSION

I. Legal Standard

The well-established standards, as stated in the prior order, require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 12(b)(6) provides that dismissal is appropriate if the complaint fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).  Although a pro se litigant's complaint, "however inartfully pleaded, [is] held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), it must still state a plausible claim for relief and comply with the minimal pleading standards of Rule 8.  Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015).

In deciding a motion to dismiss, the Court is generally confined to "the allegations contained within the four corners of [the] complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d

67, 71 (2d Cir. 1998), but may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (observing that a document is "integral" if the complaint "relies heavily upon its terms and effect") (internal quotation marks and citation omitted).

II. Claims in Plaintiff's SAC

The Court addresses several preliminary matters before discussing the substance of Defendants' motion. First, the prior order dismissed, with prejudice, Plaintiff's RESPA claim against the Bank, Fourteenth Amendment claim against the Bank and Shellpoint, and claims under TILA or the UCC. Castro, 2018 WL 4158344 at *7. For the reasons elaborated in the prior order, the Court does not consider these claims insofar as they are asserted in the SAC.

Second, on the same day he filed his SAC, Plaintiff submitted what he styled as a "motion to set aside judgment" (Mot. to Set Aside, D.E. 22) which this Court construes as a motion for reconsideration of its prior Order dismissing the claims in his Amended Complaint and allowing him to replead (see Castro, 2018 WL 4158344). Plaintiff did not raise important matters or controlling decisions that the Court overlooked that would have influenced its

6

prior decision.  Nor has he pointed to mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud that would have altered the decision.  See Rules 59(e) and 60(b) of the F<small>ED</small>. R. C<small>IV</small>. P. and Local Civil Rule 6.3.  Additionally, the motion "incorporate[s his SAC] by reference."  (Mot. to Set Aside at 2.) The Court extensively considers the SAC in this Memorandum & Order. Plaintiff's motion to set aside is DENIED.

Third, Plaintiff claims in the SAC that his "suit is presented at Common-Law as authorized by the Constitution for the Great State of New York," that he "grant[s] neither leave nor permission to construe this in any other fashion than 'Original Jurisdiction,'" and that although "[o]ften times when recording the suit individuals go through a great deal trying to articulate their intentions, [he] will make no such efforts here."  (SAC at ECF p. 2, ¶¶ 4-6.)  He objects to this Court's rules and administrative policies as "inapplicable."  (SAC at ECF p. 2, ¶ 6.) He references a "Trust Agreement" but does not explain how it applies to his allegations.  (SAC at ECF pp. 3-4.)  The SAC that follows is 57 pages and 211 paragraphs of mostly unintelligible and inapplicable statements that do not appear to relate to or support his claims.  Although Plaintiff makes passing mentions of RESPA and the FDCPA, he does not allege particular facts relevant to his claims.  The SAC does not present a short and plain statement of the facts as required by Rule 8.  However, due to Plaintiff's

pro se status, the Court reads the SAC liberally and addresses any allegations that could be construed as relevant to his RESPA and FDCPA claims.

Additionally, Plaintiff's "opposition" makes no arguments in response to Defendants' motion. Rather, it "requests a stay of the proceedings" and "objects to Defendant's [sic] Motion to Dismiss," because he "wishes to proceed through arbitration as specified in the 'Presentment/Motion to Compel' and as agreed upon in the referenced agreement." (Pl. Opp. at 2.) Plaintiff has attached documents which he claims demonstrate that he and Defendants have an agreement where arbitration is the exclusive remedy and thus moves to compel it. These documents are not signed by Defendants and Defendants dispute any alleged agreement to arbitrate. (Def. Reply at 2, 4.) They are largely incoherent and appear to have been created by Plaintiff. The Court finds that these documents do not constitute an agreement to arbitrate Plaintiff's claims and, accordingly, it will not stay the proceedings or send the matter to arbitration.

   A. RESPA Claim against Shellpoint

To survive a motion to dismiss, "a plaintiff bringing a [RESPA] Section 2605 claim must, in addition to showing [a] defendant's failure to comply with the provisions of Section 2605, identify actual damages that he or she sustained as a result of [the] defendant's alleged violation(s)." Yanes v. Ocwen Loan

Servicing, LLC, No. 13-CV-2343, 2015 WL 631962, at *7 (E.D.N.Y. Feb. 12, 2015). In other words, a plaintiff must demonstrate that his actual damages "were proximately caused by the defendant's violation of RESPA," and when the claim involves a failure to respond to a QWR, the complaint "must offer factual allegation[s] linking [the] alleged harms to [the defendant's] failure to timely respond to [the] QWR[ ]." Bonadio v. PHH Mortg. Corp., No. 12-CV-3421, 2014 WL 522784, at *6 (S.D.N.Y. Jan. 31, 2014) (internal quotation marks and citation omitted); Gorbaty v. Wells Fargo Bank, N.A., No. 10-CV-3291, 2014 WL 4742509, at *5-9 (E.D.N.Y. Sept. 23, 2014) (finding the plaintiff's allegations of litigation costs, loss of equity, reputational harm, emotional harm, and harm to creditworthiness to be insufficient to allege actual damages as a result of the alleged Section 2605 violation).

Further, a conclusory assertion that the plaintiff merely suffered "damages" is insufficient to state claim under RESPA. Compare Yanes, 2015 WL 631962 at *7 (dismissing RESPA claim when the plaintiff alleged that he suffered "financial loss and severe mental anguish and emotional distress over facing the loss or possible loss of his home") (internal quotation marks omitted); Bonadio, 2014 WL 522784 at *6 (dismissing RESPA claim when the plaintiff alleged that his damages included "time spent and inconvenience" and "emotional distress and mental anguish") (internal quotation marks omitted) with Kapsis v. Am. Home Mortg.

9

Servicing Inc., 923 F. Supp. 2d 430, 448 (E.D.N.Y. 2013) (the allegation that a servicer "misapplied the borrowers' payments on the loan" sufficiently pled actual damages) and Hutchinson v. Del, Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006) (the plaintiffs sufficiently pled actual damages when they claimed they suffered "negative credit ratings on their credit reports [and] the inability to obtain and borrow another mortgage loan and other financing" when the defendant "allegedly reported [p]laintiffs' delinquent [ ] payments to credit bureaus during the 60 day statutory period after it received [p]laintiffs' qualified written request") (internal quotation marks omitted). The damages must be caused by the statutory violation and they must be stated with some specificity. Plaintiff has not met either requirement here.

Plaintiff alleges that Defendant's "actions have caused irreparable harm, including failure of ability to concentrate at work and perform daily work activities, lack of sleep, stress, family issues, family stressing, medical issues due to stress . . . harassment/threats of unlawful foreclosure actions, negative marks on credit reports as they were required to cease all collection efforts until the debt has been validated and provided verification of the debt and proof that they are the holders in due course of my wet ink signature note in violation of policy and law." (SAC at ECF p. 50, ¶ 198.) He states that the "damages are continual and ongoing and they are still damaging [his] credit til

10

this day damaging his credit worthiness and ability to obtain any other type of credit to build and create a future for himself and family and livelihood." (SAC at ECF p. 50, ¶ 198.)

First, Plaintiff does not sufficiently allege how Shellpoint's failure to respond to his requests proximately caused his damages. In 57 pages, he does not explain how the lack of response to his QWR caused his stress, anxiety, or credit issues. See Bonadio, 2014 WL 522784 at *6 ("[s]imply saying that . . . the servicer's failure to respond to a QWR caused damages without specifying how those damages were caused, is not enough to survive a motion to dismiss") (internal quotation marks and citation omitted). Second, Plaintiff has simply rehashed the alleged damages this Court found insufficient in its prior order. Again, "[b]ased on these allegations, it appears that Plaintiff's damages were not caused by Shellpoint's failure to respond to the QWR, but by difficulties repaying the mortgage loan and potential foreclosure proceedings." Castro, 2018 WL 4158344 at *5. Third, as the prior order explained, when a plaintiff is seeking statutory damages, he must show "a pattern or practice of noncompliance with the requirements of § 2605." Noriega v. US Bank, Nat'l Ass'n, No. 16-CV-1058, 2017 WL 3172998, at *8 (E.D.N.Y. July 25, 2017). Plaintiff has again not done so, and as he did in his Amended Complaint, indicates only that Defendants have "violated these acts on more than 2 occasions." (SAC at ECF p. 50, ¶ 196.) He

11

does not offer any factual allegations of these additional violations. This is insufficient. See Gorbaty, 2014 WL 4742509 at *8 (holding that allegations of statutory damages were insufficient when the plaintiff failed to "adduce[ ] any factual allegations suggesting additional RESPA violations by the Defendants beyond those already alleged"). Plaintiff has failed to cure the deficiencies in his pleadings despite this Court's clear instructions and guidance. His RESPA claims against Shellpoint are thus DISMISSED WITH PREJUDICE.

B. FDCPA Claims against Shellpoint and the Bank

As explained in the prior Order, to assert a claim under the FDCPA, Plaintiff must allege three threshold elements: (1) he was a "consumer"; (2) Defendants were "debt collector[s]"; and (3) Defendants' act or omission violated the FDCPA. See Polanco v. NCO Portfolio Mgmt., Inc., 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (internal quotation marks and citation omitted). The prior order found it was "unclear whether the Bank [ ] or Shellpoint are debt collectors within the meaning of the statute." Castro, 2018 WL 4158344 at *6. It also found that Plaintiff had not made a short and plain statement of facts demonstrating he was entitled to relief for alleged FDCPA violations. Id.

Even assuming Plaintiff's conclusory allegation in his SAC that Defendants are "debt collector[s] as described in the [FDCPA] . . . as they have also purchased this debt while it is/was

in default" (SAC at ECF p. 50, ¶ 196) sufficiently alleges that Defendants are debt collectors, he has failed to allege "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Further, he has not shown the use of "false, deceptive, or misleading representation[s]" or "unfair or unconscionable means" to collect a debt. 15 U.S.C. §§ 1692e, 1692f. He gives no factual basis for his claims and does not explain how either Defendant allegedly harassed him in connection with a debt or made false representations. Thus, his FDCPA claims against the Bank and Shellpoint are DISMISSED WITH PREJUDICE.[2]

III. Leave to Replead

Although leave to replead should be freely granted, especially with pro se litigants, "a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." Perri v. Bloomberg, No. 11-CV-2646, 2012 WL 3307013,

---

[2] The SAC's caption includes the Fair Credit Reporting Act ("FCRA"), 16 U.S.C. Section 1681. The FCRA is mentioned by name only on ECF pp. 24 and 37, with no accompanying facts. Plaintiff did not allege FCRA violations in his prior Amended Complaint. The Court does not read the SAC as alleging violations of the FCRA. To the extent the caption also includes "Public Policy," "New York Trust Laws, that New York Debt Collection procedural statutes, [and] New York Organic Constitution common Law," Plaintiff has made no efforts to allege facts supporting any of these purported "claims." The Court does not read the SAC as alleging violations of these statutes either. See FED. R. CIV. P. 8.

13

at *4 (E.D.N.Y. Aug. 13, 2012). This Court has given Plaintiff a second opportunity to allege his claims and included guidance for him to do so. He has responded with a largely incomprehensible and unsupported SAC. The Court finds that further repleading would be futile and does not grant Plaintiff leave to replead.

CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED and all claims are DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: July  22 , 2019
       Central Islip, New York