Record/FILE ON DEMAND
Acceptance of Offer with full immunity AND WITHOUT RECOURSE!   MEC2019-0820BNYM-SPMS1203-BNYM1FMF10E D
secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictionsIN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 22 2019 ★

**In the NEW YORK DISTRICT Court for the**

**DISTRICT of NEW YORK at Common Law**

LONG ISLAND OFFICE

| | |
|---|---|
| Mario E. Castro, et al., | ) Sub contract Case No. 17-cv-4375-JS-GRB |
| Plaintiff(s), | ) |
| vs. | ) **MOTION TO VACATE/SET ASIDE** |
| | ) **JUDGEMENT/ORDER PURSUANT TO** |
| THE BANK OF NEW YORK MELLON, | ) **FED.R.CIV.P.R. 60(b)** |
| as Trustee for the Certificate Holders of | ) |
| CWALT Inc., Alternative Loan Trust | ) **Notice to the Court of Findings by the** |
| 2006-0A11 mortgage pass-through | ) **Arbitrator (Binding Arbitration Award)** |
| certificates 2006-0A11, f/k/a THE BANK | ) |
| OF NEW YORK MELLON, | ) **Motion for Injunction against the** |
| ALTERNATIVE LOAN TRUST | ) **Defendants, their agents, successors, and** |
| 2006-0A11; UNKNOWN Doe's 1-12,000 | ) **assigns** |
| et al… | ) |
| | ) **Evidence introduction in the form of an** |
| | ) **affidavit which if Un-rebutted must stand as** |
| SHELLPOINT MORTGAGE | ) **true.** |
| SERVICING, UNKNOWN Doe's | ) |
| 1-12,000 et al… | ) |
| Defendant(s). | ) |

**An Affidavit:  EVIDENCE FOR THE RECORD OF THE AFOREMENTIONED**
**MATTER**

This motion is brought pursuant to **FED.R.Civ.P.60 (b)**, Plaintiff **Mario E. Castro, et al.**

Propria Persona, Sui Juris, of the age of the majority, explicitly exercising any and all his reserved

and retained natural rights hereby moves this Court to Vacate/Set Aside the judgments entered on

**July 22, 2019**, dismissing the case with prejudice denying Plaintiff relief to enforce justice, seek

redress of grievance on certain facts within the matter as he has a right to and does not consent to

Page 1 | 19

RECEIVED

AUG 22 2019

EDNY PRO SE OFFICE

waiving such rights which are reserved and retained by law to which he chooses to exercise at all

times and requests the judgment entered on **July 22, 2019** be vacated/set aside and that this case be

dismissed without prejudice and an injunction filed against the opposing parties, their successors and

assigns as the parties had entered into a new binding agreement/contract and addendum (**Exhibits –**

**B 1 and B2  under court's Docket entry  39 and court labeled exhibit 1) ,** a true and correct copy
of the agreement/contract and addendum to contract filed on the record in

this case on **April 3, 2019**  which is hereby incorporated by reference in this case as

evidence) which has an **"Arbitration Clause"** incorporated within that agreement where the parties

to that agreement/contract and addendum all agree to have the matter stayed and arbitrated before a

chosen arbitrator chosen by the Plaintiff upon default (**Exhibits – C,** true and correct copy of Notice

of Fault/Default by the respondents to the referenced agreement filed on the record in this case on

**April 3, 2019 Doc. 39**which is hereby incorporated by reference in this case as evidence) which in

this case is/was the **SAA (Sitcomm Arbitration Association).**


## FACTUAL BACKGROUND:

On or about **January 9, 2019** the parties to this case and referenced in **Exhibits B1 – C** as the

Respondents, entered into a binding agreement which was presented to them in the form of a

conditional acceptance agreement/contract and addendum to which neither parties to that

agreement/contract as of the date of this motion have not properly challenged that agreement, the

alleged attorneys for the defendants provided statements that are hearsay within their alleged 3 letters

provided to Plaintiff, but have failed to provide any documented proof nor rebuttal affidavits from

their clients stating under oath and penalty of perjury attesting to these facts stated directly from the

defendants in the time frame provided to the parties (the respondents) of the referenced

agreement/contract which are all arbitrable disputes, claims, and or controversies to be arbitrated and

decided by the arbitrator, not the court as written agreement/contract specifically delegates. (**Henry**

**Schein, Inc. v. Archer & White Sales, Inc., No. 17-1272, in the US Supreme Court January**

**2019**)

The Defendants by and through their alleged attorneys never challenged the Arbitration

Clause, the Terms, the Provisions nor the Power of Attorney which is a part of that

agreement/contract which is coupled with interest in the timeframe provided as the self-executing

conditional acceptance agreement/contract above becomes an automatic acceptance of the agreement

upon default as the parties to the referenced agreement/contract have tacitly accepted and consented

to arbitration as specified in the referenced agreement/contract.

On or about **April 11, 2019** Plaintiff filed his **Presentment to Compel Arbitration to stay**
**the proceedings pending arbitration** along with a **proposed order and declaration** by the Plaintiff

which affect the current proceedings (Court's entry **Doc. No's 42**) based on the referenced

agreement/contract and addendum agreed upon by the parties (collectively the respondents see

**exhibits B1-C,** filed on the record on or about **April 3, 2019** which I hereby incorporate by reference

in this case) whereby the case should have been stayed and compelled to arbitration as the

agreement/contract is governed under **the FAA (Federal Arbitration Act)** as this matter involves

commerce and has an arbitrability issue to which only the arbitration tribunal had jurisdiction to

resolve as the agreement/contract delegates, not the court and the court had no business

circumventing the contract. (**See...Henry Schein, Inc. v. Archer & White Sales, Inc., No. 17-1272,**

**in the US Supreme Court January 2019**).  On or about **June 15, 2019** all parties including this

court was notified of the arbitration award hearing to which neither of the respondents to the referenced

contract including the court did not forward any response to the arbitrators as directed by the Notice

of Arbitration hearing which the Plaintiff should have been served a copy of any responses to the

arbitrator in the timeframe provided by the arbitrator therefore all respondents agreed and consented

to the arbitration hearing moving forward as specifically specified in the referenced notice by the

arbitrator.  At this time, the arbitration tribunal had jurisdiction as all parties to this case including

the court are in complete neglect of.

On or about **July 6, 2019** arbitration was completed whereby an Arbitration Award was

issued (**see Exhibits – E** a true and correct copy of the **binding arbitration award** herein

incorporated by reference in this case as evidence to support the facts of this matter) by the arbitrator

based off the Arbitrators findings, before any decisions were rendered by the District Court for the

Eastern District of New York where proceedings were to be stayed pending arbitration.  As of the

date of Arbitration referenced above, the arbitrator had already determined that the contract was

valid, the parties are in default and to the following, see **Exhibits – E** a true and correct copy of the

entire arbitration award which is hereby incorporated by reference in this case as to be used as

evidentiary facts to support this motion). On or about July 8,  2019  Defendants attorney on behalf

of their alleged clients, after arbitration had been completed had presented Plaintiff with

contradicting statements in their letters to try to improperly, allegedly nullify the award with hearsay
to which they have not filed on the record

in this case therefore there is no need for Plaintiff to address what has not been properly made a part of ththis case as the defendants claim they are not aware of such contracts bearing the contract numbers filed on the record in this case and referenced in **Exhibits B1** All parties had received true and correct copies of the above referenced agreements/contracts since about **January 9th 2019** evidenced by the filing of **Exhibits B1-C,** which have been filed on the record in this case since about **April 3, 2019.** If the parties to the referenced agreement/contract had issues or questions in regards to the arbitration and the notice they received from the arbitrator, the Respondents had the opportunity to raise such issues by simply responding to the Arbitration Notice as specifically specified by the arbitrator within that notice in the timeframe provided and serve a copy of such response to the Claimant (the Plaintiff), which they did not so they understood and agreed to everything provided to them within that notice of arbitration. The Opposing party also claim that they do not think that the Arbitration hearing is binding on them nor their clients which is an issue already determined by the arbitrator to which the arbitrator had the authority to decide rather the contract is valid or not and binding on the parties which they have as specified above by the issuance of the referenced award (see Exhibit E). On or about **July 19, 2019** Defendants on behalf of their alleged clients presented Plaintiff with another contradicting letter which again was just hearsay by the defendant and not filed on the record in this case therefore the Plaintiff will not entertain such a letter that has had not been made apart of the record in this case to raise any objections to. The judge of record has provided conflicting and contradicting statements and opinions as their reason for dismissing the Plaintiffs case was concluded by misrepresenting the Plaintiffs claims and averments with their opinions which are not facts before the court which were arbitrable claims, controversies, and disputes to be arbitrated therefore Plaintiff objects to any and all the referenced opinions stated by the judge in

this case in reference to any and all of his claims as they are controversies before the court and arbitrable issues to which the arbitration tribunal had jurisdiction to decide as of the date the referenced Presentment to Compel Arbitration was filed on the record in this case

## I.    STATEMENT OF FACTS PERTAINING TO FED.R.CIV.P. R. 60(b)(1) MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT;

The Plaintiff brings forth that the judge in this case on behalf of the district court erred, and made a mistake in dismissing the plaintiffs' case with prejudice on **July 22, 2019 Doc. No. 46** in neglect (excusable or otherwise) of arbitration for the following reasons:

1. There was an agreement between the parties to which the court is a party to which is a conflict of interest.

2. There was no need to respond in detail to the opposing parties in regards to their motion to dismiss other that the issues will be arbitrated as specified by the referenced agreement otherwise Plaintiff would be in breach of the agreement to which all parties agreed to be arbitrate and if Plaintiff fully responded, it could have been taken as a waiver of plaintiffs rights to arbitrate the issue.  Plaintiff has exercised his right to Arbitration and to have the claims, disputes, and controversies arbitrated before the chosen arbitrator/arbitration association as evidenced by his Presentment to Compel Arbitration/ Motion to Stay the Proceedings and agreed upon by the parties (the respondents) to the referenced agreement/contract.

3. The judge provided opinions in regards to the plaintiffs second amended complaint which are not facts before the court to which affidavits had been filed on the record in this case that have not been rebutted by the opposing parties which if left unrebutted for a certain period of time become prima facie evidence of fact before the court which conflicts with the judges opinions for dismissing the case with prejudice.

4. The Plaintiff filed a Presentment to Compel Arbitration and an opposition to the Defendants motion to dismiss which references and delegates the claims to the new agreement/contract between the parties which delegates all issues, claims, disputes to the arbitrator to which this court was to stay the proceedings until arbitration was completed but failed to do in neglect of the contract until a copy of the finding by the arbitrator was filed on the record in this case and to base any further decisions based off the arbitrators findings.

5.  This court had no business determining the validity of the contract nor its binding nature, only the arbitration tribunal had that authority as the agreement/contract delegates and the Federal Arbitration Act supports this fact as these issues are arbitrable where the case should have been stayed pending the arbitrators findings, not the court as specified in the supreme court case referenced above.

6.  This case should have been compelled to arbitration as the agreement/contract filed on the record in this case delegates to which the court had no jurisdiction to make such judgments to which circumvents the contract and conflict with the recently decided supreme court ruling in *Henry Schein, Inc. v. Archer & White Sales, Inc., No. 17-1272* which this court had no business to make such a decision.

## II.      STATEMENT OF FACTS PERTAINING TO FED.R.CIV.P. R. 60(b)(2) NEWLY DISCOVERED EVIDENCE

The Plaintiff brings forth newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under **Rule 59(b)** as the Plaintiff (the claimant) and the Defendant (one of the respondents to the referenced agreement/contract) entered into a newly binding agreement/contract and addendum on or about **January 22, 2019** and **February 9, 2019**. (**Exhibits – B1,B2**).  As of **July 6, 2019** Arbitration has been completed where a binding award was issued (**Exhibits – E).**

## III.      STATEMENT OF FACTS PERTAINING TO FED.R.CIV.P. R. 60(b)(3) FRAUD AND MISCONDUCT

The Plaintiff brings forth that the Defendant (the adverse party) have entered into a binding agreement whereby the defendant (one of the respondents) admitted to acts of and engaging in fraud (extrinsic) by their fraudulent concealment and their misconduct by remaining silent, refusing to respond, and refusing to produce the requested proof of claims which created their default by remaining silent (tacit acquiescence) (**See...Exhibits B1 – C** which is a true and correct

copy of the agreement/contract, addendum and documented default), creating an estoppel in the matter, on behalf of the defendants.  This misconduct prevented the Plaintiff from fully and fairly presenting his case previously before the complaint was filed and currently (***See…Project Mgmt. Inst., Inc. v. Ireland, 144 F. App'x 935, 937 (3d Cir. 2005))***.  This has been demonstrated by clear and convincing evidence by their default and continuous failure to respond to Plaintiff as referenced above by **Exhibits A-C**.  **Rule 60(b)(3)** relief is available because the defendant willfully made the choice not to respond knowing that there would be consequences evidenced by **exhibits B-C**.

There is a current exceptional and extraordinary circumstance here where there is a binding contract in place which has an **"arbitration clause"** whereby the parties to that agreement/contract have agreed by default, tacit acquiescence or otherwise to arbitration being the sole and exclusive remedy to resolving any and all disputes, claims and controversy between the parties (see…the conditional acceptance agreement/contract and addendum referenced in **Exhibits –B1, B2)  in regards to the referenced agreement**.  A claim, dispute and controversy has arisen by the parties breach and without such relief, an extreme and unexpected hardship would occur and continues to occur as the defendants admitted to engaging in fraud (extrinsic) and are unlawfully reporting negative payment history on a monthly basis to third party reporting agencies continuously damaging Plaintiffs'credit and creditworthiness

to be able to apply with other creditors for credit (***see…Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)***.  This court was put on notice through **Exhibits – B1, B2** and the filing of the default

notices **Exhibits – C** filed on the record in this case even before the Plaintiffs' Presentment was filed to Compel Arbitration as referenced above. In regards to the agreement and the respondent's default.

## IV.   STATEMENT OF FACTS PERTAINING TO FED.R.CIV.P. R. 60(b)(6) ANY OTHER REASON THAT JUSTIFIES RELIEF.

As specified above, Plaintiff is entitle to relief for the reason specified by the finding of the

Arbitrator by the issuance of the Binding Arbitration Award (**Exhibits – E**) which is hereby

incorporated by reference in this case as evidence to support this motion and this section.

### V.  Facts to support Motion Vacate/Set Aside the judgments/orders pursuant to FED.R.CIV.P.R. 60(b):

The Plaintiff has demonstrated through this motion, his exhibits, the **"Motion to Compel",** and

the findings by the Arbitrator (the entire binding arbitration award) which is hereby incorporated by

reference in this case as evidence and by operative facts that Plaintiff is entitled for the

judgment/order dated **July 22, 2019** being vacated/set aside, the defendants claims

stricken/dismissed from the record, an injunction put in place against the defendants, their agents,

successors and assigns for an estoppel against them for any and all further collection activities and

collateral attacks against the plaintiff and the case dismissed without prejudice for the following

reasons:

1. The Plaintiff has a meritorious defense or claim to present if relief is granted
   (**see...Exhibits B - E**) which was arbitrated where an binding arbitration award has been
   issued;

2. The Plaintiff is entitled to relief under one of the grounds stated in **Fed. R. Civ. P. R.60
   (B)(1) through (6)**;

3. The motion is made within a reasonable time, and, where the grounds for relief are **Fed. R.
   Civ. P. R. 60(B)(1), (2), or (3)**, not more than one year after the judgment, order or
   proceeding was entered or taken.

4. There is no unfair prejudice to the opposing party as all parties (the respondents) are in a
   "catbird seat" with access to all requested proof of claims and or averments which they had
   an opportunity to produce by responding but made the choice to remain silent and or
   provide a general response which created tacit acquiescence and estoppel as the parties
   knew and was notified of the consequences for not responding to the presentment
   referenced above (the agreement/contract, addendum, default, and Notice of Arbitration
   Hearing) and have agreed by tacit acquiescence to the terms and provision of the referenced
   contract by default whereby the parties have agreed to have this matter arbitrated which was
   completed on June 6, 2019.

5. New York law, like federal law, favors enforcement of valid arbitration agreements.  Any doubts regarding the arbitrability of a dispute are resolved in favor of arbitration.  **"*JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir.2004) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983))"*** The Courts having further indicated that the parties are not to be deprived by the Court of the benefit of Arbitration, and any doubt is to be resolved in favor of arbitration. The arbitration statute makes clear that upon proceedings to compel arbitration the court is not to consider the merits of the dispute sought to be arbitrated.) see…*Henry Schein, Inc. v. Archer & White Sales, Inc. (Henry Schein) January 2019* also see- *Exber, Inc. V. Sletten Construction Co., 92 Nev. 721, 528 P.2d 517 (1976)*. All doubts concerning the arbitrability of the subject matter of the dispute are to be ***resolved in favor of arbitration***. Once it is determined that an arbitrable issue exists, the parties are not to be deprived by the courts of the benefits of arbitration, for which they bargained – speed and the resolution of the dispute and the employment of a knowledgeable and competent arbitrator. *At 729, 558 P.2d 517. (Emphasis added).* An arbitrable issue exists evidenced by the default and invalid disputes and controversies presented by the opposing parties

6. **Section 2 of the FAA** provides that[a] written provision in ☐ a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ☐ shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

7. There is an "arbitration clause" in the agreement/contract and addendum where this matter must be sent to the arbitrator/arbitration association (a neutral party) to resolve any and all disputes and controversies (see **"motion to compel"** for further details which that entire motion is hereby incorporated by reference in this case as evidence to support this motion).

Therefore having met the Rule 60(b)'s threshold requirements and one or more of the

Rule's enumerated subsections the plaintiff is entitled to relief as requested below.

## VI.    FACTS BEFORE THE COURT - "Where There Is No Law, There Is Equity, Where There Is Law, Equity Remains":

We approach this body highlighting the fact that an arbitrator has determined as a result of

issuing an award the validity of the contract at bar, and that the arbitration agreement embedded

within the binding contractual agreement is valid, and within strict adherence to **THE FEDERAL**

**ARBITRATION ACT.**

As by law '**when a contract has an arbitration clause, that requires the arbitrator determine the validity of the contract, and the arbitration clause, the courts have no business in the matter**', *Henry Schein, Inc. v. Archer and White Sales, Inc.*, **No. 17-1272 (U.S. Sup. Ct. Jan. 8, 2019)**, "and that courts must respect the parties' decision in their contracts to delegate the arbitrability question to the arbitration panel".

"If the arbitration clause clearly and unmistakably delegates questions of arbitrability to the arbitration panel then these issues will be decided by the arbitrators and not the courts. If the "FAA" allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as the underlying merits disputes." The courts "**are not at liberty to rewrite the statute passed by Congress and signed by the President**." This quote may become more relevant if "manifest disregard" continues to rear its head. "**We must interpret the [FAA] as written and the [FAA] in turn requires that we interpret the contract as written**." "**When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract**." "That is true **even if the court thinks** (that is to say it matters not what the court thinks, what matters is the Federal arbitration act and the intentions of Congress, the alleged exception gave a party resisting arbitration an out if it could convince a court that the issue in dispute clearly did not come within the arbitration clause. That "out" is now gone, or as Justice Kavanaugh said in the opinion, "that ship has sailed.") That the argument that the arbitration agreement applies to a particular dispute is wholly groundless." "[W]e may not engraft our own exceptions onto the statutory text." And finally, "it is not our proper role to redesign the statute."

We bring to this court's attention, the judicial officers attempt to circumvent the process and overturn precedent without lawful authority, as the Supreme Court has made it clear "that there is no judicial discretion when it comes to arbitration where the arbitrator and/or questions regarding

arbitration are part of a contract, whereby the parties having agreed". In this instance the parties have agreed to have any and all questions, disputes associated with the agreement settled and determined by an arbitrator as specified within the terms of the agreement.

In this matter, contract number: **2019-01091221MMLJC-WBF4UJCSM–U123899811©** it was agreed to by the parties, is binding, irrevocable, self-executing, and coupled with interests, and as noted above, the contract specifically address the issue as to questions dealing with the validity of the contract, that such was only to be determined by the arbitrator and not the court.

The arbitrator in issuing the award has by such actions provided evidence that the contract is valid, and seeing that the contract is valid (and that means that it's terms, conditions, clauses are valid as well), we as a party possess the right to petition for the enforcement of the contract and not just the confirmation of the award, which is our intent in this instance.

The opposing party has waived all rights, defenses, and or objections and has agreed to being estopped bringing forth any complaint and or dispute, and that if such was brought it would be through arbitration despite knowledge of these waivers. We are approaching this body in equity, as equity must render equity.

The contract itself stands as an (express) trust agreement, whereby this petitioner's estate is the grantor/trustor and the opposing party grantee, the petitioner in their natural capacity is the beneficiary of the trust, the government agency "special relationship trustee", the value includes the contract/trust agreement which is property as defined by the Fifth Amendment of the United States Constitution. The contract/trust agreement has an end date, is workable thus satisfying all of the prerequisites for expressing and/or declaring the trust.

There appears to have been an injustice, in that despite the Dorchester County Common Pleas Court having knowledge of an arbitration agreement, and the election of a party to that agreement to

proceed before arbitration rather than through the court, the court forsook its duties and obligations and through its judicial officer violated the terms and conditions for the delegation of authority albeit limited as the express in statute and law. By acting outside the scope of its discretion, the common pleas court continued acting outside the scope of the protection of the law i.e. without immunity. We seek only to have an order by the court for the enforcement of the contract, it is not our intent at this time to seek confirmation of arbitration award, as the statute of limitations has not tolled.

This body has within it the delegatory authority, power, and the obligational duty to see that "justice be done", and yet we have found that many would ignore equity and its most adored maxims, just to prevent one from being victorious by using the law to their advantage, 'we stand present without justice as the heavens fall'.

The matter involved commerce, so we invoke the Federal Arbitration Act or otherwise known as the **UNITED STATES ARBITRATION LAW, "A court has "'no business weighing the merits of the grievance'"** because the **"'agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious**.'" **Id., at 650** (quoting **Steelworkers v. American Mfg. Co., 363 U. S. 564, 568 (1960))**.

We further bring to the court's attention that it cannot act outside the scope of the intentions of Congress, here is the intentions of Congress and what they had to say with regards two legislative intentions respecting **THE UNITED STATES ARBITRATION ACT** otherwise known as **THE FEDERAL ARBITRATION ACT**:

By enacting **Section 2**, Congress sought generally to promote the enforcement of arbitration agreements. Historically, American courts viewed arbitration with judicial hostility. It is believed that this hostility flowed from a similar enmity displayed by English courts. Arbitration infringed on the livelihood of English judges who were paid fees based on the number of cases they decided.

English courts were also generally unwilling to surrender their jurisdiction over various disputes. The hostility toward arbitration subsided as industrialization led to an increased number of business disputes. In 1924, the Court upheld a New York law that compelled arbitration in a dispute involving a maritime contract. The Court's decision in **Red Cross Line v. Atlantic Fruit Company** is believed to have opened the door for federal legislation that recognized the validity of arbitration agreements. President Calvin Coolidge signed the United States Arbitration Act (commonly referred to as the Federal Arbitration Act) on February 12, 1925. The enactment of the new law "**declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration**." While Congress's primary motivation for drafting the FAA reflected its interest in protecting the enforcement of arbitration agreements as agreed to by the contracting parties, it also understood the potential benefits that would be provided by the law's enactment: It is practically appropriate that the action should be taken at this time when there is so much agitation against the costliness and delays of litigation.

These matters can be largely eliminated by agreements for arbitration, if arbitration agreements are made valid and enforceable. Although Section 2 of the FAA requires the enforcement of arbitration agreements in maritime transactions and contracts "**evidencing a transaction involving commerce**," the precise scope of this latter group of contracts has not always been certain. Congress provided a definition for the term "commerce" in Section 1 of the FAA, but it did not identify the extent to which a contract must "evidenc[e] a transaction involving commerce" before the FAA would apply. The courts held that the Section 2 phrase "**involving commerce" reached to the limits of Congress's power under the Commerce Clause. In Snyder v. Smith 736 F.2d 409 (7th Cir. 1984),** for example, the U.S. Court of Appeals for the Seventh Circuit maintained that the

courts should take into account Congress's broad power to regulate under the Commerce Clause when deciding which contracts involve commerce. Because Congress may reach activities "affecting" interstate commerce under its Commerce Clause authority, the Seventh Circuit reasoned that it was logical to conclude that any contract affecting interstate commerce falls under Section 2 of the FAA. In 1995, **the Supreme Court determined that a broad interpretation of "involving commerce" is appropriate. In Allied-Bruce Terminix Companies, Inc. v. Dobson, the Court held in a 7-2 opinion authored by Justice Breyer that the phrase "involving commerce" signaled the full exercise of Congress's power under the Commerce Clause**. The Court concluded that the FAA's legislative history "**indicates an expansive congressional intent**." For example, the House Report that accompanied the FAA stated that the Act's "'**control over interstate commerce reaches not only the actual physical interstate shipment of goods but also contracts relating to interstate commerce**.'" In addition, remarks in the Congressional Record indicated that the FAA "'**affects contracts relating to interstate subjects and contracts in admiralty**.'" The Court maintained that **20 H.R. REP. NO. 96, supra note 10 at 2. 21 See 9 U.S.C. § 1 the word "involve" should be read as the functional equivalent of the word "affect."** Because the phrase **"affecting commerce" normally signals Congress's intent to exercise its Commerce Clause powers to the fullest extent, the Court reasoned that the use of the phrase "involving commerce" should be given a similar reading**. After concluding that the phrase "involving commerce" should be interpreted broadly, the Dobson Court further determined **that the FAA applies to all contracts that involve commerce and does not require the contemplation of an interstate commerce connection by the parties.** The Court found that a "contemplation of the parties" requirement was inconsistent with the FAA's basic purpose of helping parties avoid litigation. Such a requirement invited litigation about what was or was not contemplated by the

parties. Any congressional recognition of an expedited dispute resolution system at the time the FAA was drafted would be undermined by this additional litigation. ("**'commerce' … means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation … "**).

We include this information as a basis for the preponderance of evidence to the contrary of any claim that the matter does not involve commerce, that the contract between the parties that involve commerce does not invoke **THE FEDERAL ARBITRATION ACT**, and that the arbitration agreement does not incorporate such issues, including the intentions of Congress when enacting such an act.

This is a matter of equity, dealing with a contractual **TRUST relationship,** and is subject to the rules, principles, and standards of equity. The **FEDERAL ARBITRATION ACT** is an equitable statute, in that it requires an agreement of all parties, the contract with an arbitration clause is documentation of agreement of all parties. The Supreme Court decision In *Henry Schein, Inc. v. Archer and White Sales, Inc.*, **No. 17-1272 (U.S. Sup. Ct. Jan. 8, 2019),** the court held that such contracts to include issues of viability, disputes, controversies, and or issues are to be resolved before an arbitrator when the contract and arbitration agreement so dictate. In this very instance the contract makes such dictation.

## VII.   REMEDY SOUGHT:

The contract requires certain performances on the part of the opposing parties, including the return of properties, so long as the properties have not been returned this is a violation of the right to

property, a constitutional sanctioned and secured right. It is also a breach of the terms as agreed to by the parties and the consequences of said acts are duly enforceable via the valid contract. Interests and other assessments accumulate, and accrue, we asked that this body issue an order to the opposing parties for compliance with the agreement, for the return of all properties and the making of the complainant whole by reversing the acts from the inception of the agreement and or breach, and or actions of the respondents related to this matter and for an injunction against the opposing party from acting outside the scope of the agreement. Confirmation of the award is not sought at this time, that is a separate process and we shall utilize our right to that remedy before the tolling of the statute.  I request that his court place in an order reopening this case, removing the dismissal with prejudice and file an injunction against the opposing party, their agents, successors, and assigns and dismiss the case without prejudice for the reasons specified above. Although the facts presented in the sections above may not be in the right category as specified under **Fed. Rule Civ. P. R. 60 (b)**, this court is to liberally and contextually construe the facts referenced in the sections above as if they were categorized in the proper sections of this rule as they operate in favor of the Plaintiff based on how the facts are worded in the above sections if not already properly categorized in the referenced sections of this **Rule 60(b)** motion.

I put before this court that I attest that I have attained the age of majority, am over the age of 18, am competent to handle my own affairs and am attempting to gain control of the securities held in my minor account, but the custodian and others are colluding and attempting to prevent me from gaining access to my property in violation of my due process rights as outlined and stipulated within the framework of the Bill of Rights specifically the fifth amendment to the Constitution of the United States. I am seeking to redress this issue, I am seeking equity and so I present this motion in equity to the court, and I do so as grantor/trustor over the estate of the minor/infant.

## VI.  Conclusion:

For the reasons specified above, this Court should grant the relief requested above, reopen the

case, have the defendants claims stricken/dismissed from the record, and the Plaintiffs complaint

dismissed without prejudice as the parties have agreed that arbitration was the exclusive remedy to

resolve any and all disputes, claims and controversies between any and all parties to the referenced

agreement/contract and addendum which has been completed as of June 6, 2019.

The Aforementioned is accurately attested on this 21 August, 2019.

**RESPECTFULLY PRESENTED,**

"Without Prejudice"

void/non assumpsit

THE BENEFICIAL OWNER OF THE CESTI QUI EQUITABLE TRUST
Mario E. Castro, Propria Persona, Sui Juris
All Natural Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1.103.6
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741

# JURAT

**STATE OF** _New York_

**COUNTY OF** _Suffolk_ .

On **August** _21_ , **2019**, before me _Mario E Castro_ Notary Public, personally stood **Mario E. Castro**, a natural person, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under the laws of the State of NEW YORK that the foregoing paragraph is true and correct.**

Witness my hand and official seal of my office.

Signature _____

My Commission Expires: _____ 11/9/19

JASON MURIEL
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MU6332858
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES NOVEMBER 09, 20___

**SEAL**

# Exhibit - E

*Detailed Schedule of Exhibits:*

1. True and correct copy of  Binding Arbitration Award and Finding by the Arbitrator

   **30pgs + cover 31 total**

## SITCOMM ARBITRATION ASSOCIATION
### 1001 SOUTH WHITE OAK ROAD
### WHITE OAK, TEXAS 75693
### + 1 (877) 631-1722

Website: saalimited.com                    Email: support@saalimited.com

**IN THE MATTER OF ARBITRATION BETWEEN THE FOLLOWING PARTIES:**

MARIO E. CASTRO, ET AL and

MAGDALENA CASTRO, ET AL.      CASE NO.: SAAMC-A106A-070619-MEM

CLAIMANTS,

v.

BANK OF NEW YORK MELLON, ET AL;

CHARLES W. SCHARF, ET AL, CEO;

AKERMAN, LLP;                          *9 UNITED STATES CODES §1, §2, AND §9*

NATSAYI MAWERE, ET AL;

JOSEPH DEFAZIO, ET AL;                          *THE COMMON LAW*

BANK OF AMERICA, merged with COUNTRYWIDE FSB, ET AL;

BRIAN MOYNIHAN, ET AL, CEO;

SHELLPOINT MORTGAGE SERVICING, ET AL;

JACK NAVARRO, ET AL, CEO;

REAL TIME SOLUTIONS, ET AL;

ERIC C GREEN, ET AL, CEO

RESPONDENT(S).

Additional Respondents:

UNITED STATES DEPARTMENT OF JUSTICE, ET AL;

UNITED STATES SUPREME COURT, ET AL;

STATE OF NEW YORK SUPREME COURT, ET AL;

UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL;

STATE OF NEW YORK ATTORNEY GENERAL, ET AL;

UNITED STATES DEPARTMENT OF THE TREASURY, ET AL;

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL;

U.S. DISTRICT COURT, EASTERN DIVISION STATE OF NEW YORK, ET AL.

SEALED.

### SUMMARIZATION OF THIS ARBITRATOR'S
### FINAL AWARD

I.    Clarification

1.    The original award was referenced to each Respondent in respect to treble damages,

therefore; this Arbitrator sees fit to provide clarification.

2. It is uniformly settled that a court's right to vacate or modify an arbitration award is extremely limited. That said, many state arbitration statutes, as well the Federal Arbitration Act, and the Uniform Arbitration Act, allow correction or modification for an evident miscalculation in the arbitrator's award. See, e.g., 9 U.S.C. § 11(a).

3. Many state courts have held that an award can be corrected only for "miscalculations" that appear on "the face of the award" and for mathematical errors that are "patently clear."[1]

4. This Arbitrator, Mark Moffett; has been appointed in the above referenced matter on behalf of SITCOMM Arbitration Association to settle and resolve any and all disputes arising thereunder by arbitration under the authority of the Federal Arbitration Act.

5. An arbitration hearing was held on July 6, 2019 at which time the Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

6. This Arbitrator fully considered and granted the Claimant's request for summary disposition and further considered all the evidence in reference to the Contract Item No.: 2019-01091221MMUC-WBF4UJCSM-U123899811© , its terms, promises, and obligations; as well as the facts in support as presented during the arbitration of this controversy.

7. The summarization of this Award is based on this Arbitrator's need to clarify some pertinent information. On or about January 09, 2019 the Claimant and Respondent(s) entered into a written, irrevocable, binding contractual agreement which included an arbitration clause. Both parties entered into a legally binding contractual relationship and this Arbitrator found that no fraud in the inducement to contract or fraud in the factum was present. Thus, Respondent(s) are bound to the terms and obligations agreed upon and imposed on them. To date, the Respondent(s) have failed to respond to the Claimant and this Arbitrator has found that the Respondent(s) were not willing to participate in the hearing.

8. Therefore, after careful consideration of the evidence presented[2], this Arbitrator finds as follows:

i. This Arbitrator finds that the Claimant as well as the Respondent(s) are consenting adults, having attained the age of the majority; not a minor, not an infant, not a delinquent, and/or a decedent. All parties are fully capable of entering into and negotiating contracts; and

---

[1] *Fogal v. Stature Const., Inc.*, 294 S.W.3d 708 (Tex. App. 2009); *Jones v. Summit Ltd. P'ship Five*, 635 N.W.2d 267 (Neb. 2001); *Cole v. Hiller*, 715 So. 2d 451 (La. Ct. App. 1998*); Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450 (Colo. App. 1989); *Severtson v. Williams Constr. Co.*, 173 Cal. App. 3d 86 (1985); *Morrison-Knudsen Co., Inc. v. Makahuena Corp.*, 675 P.2d 760 (Haw. 1983); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 255 S.E.2d 414 (N.C. Ct. App. 1979).
[2] *Singh v. Raymond James Fin. Servs., Inc.*, No. 13-cv-1323, 2014 WL 11370123, (S.D.N.Y. March 28, 2014). "[T]ypically, 'arbitrators need not explain their rationale for an award'" (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

SITCOMM ARBITRATION ASSOCIATION

ii.    I do not find any of the parties to be suffering from a mental disease and/or defect that would have prevented and/or interfered with their knowing and intentional entering into the binding contractual agreement; and

iii.    The arbitration hearing was held on July 06, 2019 at which time this Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

iv.    This Arbitrator fully considered and granted the Claimant's request of June 8, 2019 for summary disposition and further considered all the evidence in reference to the contractual agreement.

v.    The arbitration hearing was held on July 06, 2019 at which time this Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

vi.    This Arbitrator finds that the Respondent(s) have failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

vii.    A prior relationship did exist between the parties and the Respondent(s) had an obligation to respond to the reasonable request of the Claimant; and

viii.    The Respondent(s) failed to provide proof that they have not received and/or been notified of the existence of the contractual agreement and of their right to waiver; and

ix.    The Respondent(s) failed to respond to the contractual agreement mailed with proof of service by the Claimant on January 09, 2019 which constituted an act of "tacit acquiescence;" and

x.    The Respondent(s) have failed to fully perform to the terms of the agreement and the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

**9. Furthermore, this Arbitrator finds that the amount to be paid to the Claimant is $ 1,275,000.00 (One Million Two Hundred Seventy Five Thousand U.S. Dollars and No Cents); as stipulated according to the terms of the contractual agreement between the parties said amount is due separately and severally from Respondents as follows:**

**a.    Respondent BANK OF NEW YORK MELLON, ET AL; and,**

SITCOMM ARBITRATION ASSOCIATION

b. Respondent CHARLES W. SCHARF, ET AL, CEO of BANK OF NEW

YORK MELLON; and,

c. Respondent AKERMAN, LLP; and,

d. Respondent NATSAYI MAWERE, ET AL; and,

e. Respondent JOSEPH DEFAZIO, ET AL; and,

f. Respondent SHELLPOINT MORTGAGE SERVICING, ET AL; and,

g. Respondent JACK NAVARRO, ET AL; and,

h. Respondent REAL TIME SOLUTIONS, ET AL; and,

i. Respondent ERIC C. GREEN, ET AL; and,

j. Respondent BANK OF AMERICA, NA, ET AL; and,

k. Respondent BRIAN MOYNIHAN, ET AL, CEO

10. The total combined award is $ 14,025,000.00 (Fourteen Million Twenty

Five Thousand U.S. Dollars and No Cents) as stipulated according to the terms of the

contractual agreement between the parties.

11. The Respondent(s) have thirty (30) days from receipt of this Award to comply with

the decision of this Arbitrator. In the event that the Respondent(s) fail to comply with the

decision of this Award, this Arbitrator may revisit this matter upon request of the Claimant and

according to the terms and conditions of the contractual agreement; to modify this Award in an

amount equivalent to two times the determination of this Arbitrator for each Respondent.

12. The contract stated that any final and binding arbitration award may be confirmed in

any United States District Court, pursuant to Title 9 of the United States Code §9 and §13. The

Supreme Court has explained, "[t]here is nothing malleable about 'must grant,' which

unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed'

exceptions applies."[3] A Judicial review of an arbitrator's award is extremely limited, and the

court must accept the arbitrator's credibility determinations, even where there is conflicting

evidence and room for choice exists.[4] "An arbitrator's award should not be vacated for errors of

law and fact committed by the arbitrator and the courts should not attempt to mold the award to

conform to their sense of justice."[5]

13. Claimant may seek confirmation of this arbitration Award in a United States District

---

[3] Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008).
[4] Matter of Long Is. Ins. Co. v. Motor Vehicle Accident Indemnification Corp., 57 AD3d 670, 869 NYS2d 195 (2nd Dept., 2008). White v. Roosevelt Union Free School District Board of Educ., 147 AD3d 1071, 48 NYS3d 220 (2nd Dept., 2017).
[5] Aftor v. Geico Insurance Co., 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).

Court.  Confirmation of an award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[6]

14. This Award is final and binding between the Claimant and the Respondent(s) in the above referenced matter upon issuance and execution of this Arbitrator's signature below and full force and effect take place immediately upon issuance.

**NOTICE OF THE ISSUANCE OF THIS AWARD TO BE DELIVERED TO:**

ORIGINAL:  CLAIMANT                                COPY:  RESPONDENT(S):

**MARIO and MAGDALENA CASTRO**          **BANK OF NEW YORK MELLON, ET AL**
419 West Hills Road                              Charles W. Scharf, Et Al, CEO
Melville, New York 11747                         24 Greenwich Street
                                                 New York, New York 10286

                                                 **AKERMAN, LLP**
                                                 Natsayi Mawere, Et Al
                                                 Joseph Defazio, Et Al
                                                 666 Fifth Ave, 20th Floor
                                                 New York, New York 10103

EMAIL:  4Lifemcastro@gmail.com                   **BANK OF AMERICA, ET AL, merged with
                                                 COUNTRYWIDE, ET AL**
                                                 Brian Moynihan, Et Al, CEO
                                                 100 North Tyron Street
                                                 Charlotte, North Carolina 28255

                                                 **SHELLPOINT MORTGAGE SERVICING, ET
                                                 AL**
                                                 Jack Navarro, Et Al, CEO
                                                 P.O. Box 10826
                                                 Greenville, South Carolina 29603-0826

                                                 **REAL TIME SOLUTIONS, ET AL**
                                                 Eric C Green, Et Al, CEO
                                                 1349 Empire Central Drive
                                                 Dallas, Texas 75247

**SO, AWARDED.**
Be it so this 6th day of July 2019.

Arbitration Hearing Conducted by:  Mark Moffett
Hearing Site:  Laurel, Mississippi

MARK MOFFETT, ARBITRATOR

SANDRA GOULETTE, COMMITTEE MEMBER

---

[6] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

SITCOMM ARBITRATION ASSOCIATION

## SITCOMM ARBITRATION ASSOCIATION
1001 White Oak Road
White Oak, Texas 75693
+ 1 (877) 631-1722

Website: saalimited.com                              Email: support@saalimited.com

### FINAL ARBITRATION AWARD

#### Sitting in the following composition:

Committee Member:    SANDRA GOULETTE
LAUREL, MISSISSIPPI

Arbitrator:    MARK MOFFETT
LAUREL, MISSISSIPPI

In the Matter of the Arbitration Between the Following Parties:

MARIO E. CASTRO, ET AL; and

MAGDALENA CASTRO, ET AL,

               CLAIMANTS,

     v.                        Contract No.: SAAMC-A106A-070619-MEM

BANK OF NEW YORK MELLON, ET AL;

CHARLES W. SCHARF, ET AL, CEO;

AKERMAN, LLP;          *9 UNITED STATES CODES §1, §2, AND §9*

NATSAYI MAWERE, ET AL;

JOSEPH DEFAZIO, ET AL;       *THE COMMON LAW*

BANK OF AMERICA, merged with COUNTRYWIDE FSB, ET AL;

BRIAN MOYNIHAN, ET AL, CEO;

SHELLPOINT MORTGAGE SERVICING, ET AL;

JACK NAVARRO, ET AL, CEO;

REAL TIME SOLUTIONS, ET AL;

ERIC C GREEN, ET AL, CEO

              RESPONDENT(S).

Additional Respondents:
UNITED STATES DEPARTMENT OF JUSTICE, ET AL;
UNITED STATES SUPREME COURT, ET AL;
STATE OF NEW YORK SUPREME COURT, ET AL;
UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL;
STATE OF NEW YORK ATTORNEY GENERAL, ET AL;
UNITED STATES DEPARTMENT OF THE TREASURY, ET AL;
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL;
U.S. DISTRICT COURT, EASTERN DIVISION STATE OF NEW YORK, ET AL.

              SEALED.

IN THE MATTER OF THE ARBITRATION BETWEEN:

| | |
|---|---|
| MARIO E. CASTRO, ET AL; | § |
| | § |
| MAGDALENA CASTRO, ET AL., | § |
| | § |
| CLAIMANT(S), | § |
| | § |
| v. | § |
| | § |
| BANK OF NEW YORK MELLON, ET AL | § |
| CHARLES W. SCHARF, ET AL, CEO | § |
| AKERMAN, LLP | § |
| NATSAYI MAWERE, ET AL | § |
| JOSEPH DEFAZIO, ET AL | § |
| BANK OF AMERICA, ET AL, merged with | § |
| COUNTRYWIDE FSB, ET AL; | § |
| BRIAN MOYNIHAN, ET AL, CEO; | § |
| SHELLPOINT MORTGAGE SERVICING, ET AL; | § |
| JACK NAVARRO, ET AL, CEO | § |
| REAL TIME SOLUTIONS, ET AL | § |
| ERIC C GREEN, ET AL, CEO | § |
| RESPONDENT(S). | § |

Contract No.:
SAAMC-A106A-070619-MEM

9 UNITED STATES CODES

§1, §2, AND §9

*COMMON LAW*

Other Respondents:
UNITED STATES DEPARTMENT OF JUSTICE, ET AL
UNITED STATES SUPREME COURT, ET AL
STATE OF NEW YORK SUPREME COURT, ET AL
UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL
STATE OF NEW YORK ATTORNEY GENERAL, ET AL
UNITED STATES DEPARTMENT OF THE TREASURY, ET AL
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL
U.S. DISTRICT COURT, EASTERN DIVISION STATE OF NEW YORK, ET AL

SEALED

## FINAL ARBITRATION AWARD

Breach or violation of required contract terms:

    The parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be

served upon the adverse party and thereupon the court shall have jurisdiction of such party as though they had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or their attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[1]

Arbitrator's Name:   Mark Moffett

Hearing Location:    Laurel, Mississippi

     This Arbitrator, Mark Moffett, having considered the Claimant's request for dispute resolution on complaint, finds the following:

**Jurisdictional Allegations:**

1. This Arbitrator has Subject Matter Jurisdiction, SMJ; as acknowledged by 9 U.S. Codes §1, §2, §9; 28 U.S. Code §§ 1346; and the established common law not limited to the following specifics:

a.   That Mario and Magadalena Castro are a citizens of the state of New York; ·

b.   That the Respondent(s)

    i.      BANK OF NEW YORK MELLON, ET AL

    ii.     CHARLES W. SCHARF, ET AL, CEO

    iii.    AKERMAN, LLP

    iv.     NATSAYI MAWERE, ET AL

    v.      JOSEPH DEFAZIO, ET AL

    vi.     BANK OF AMERICA, ET AL, merged with COUNTRYWIDE, ET AL

    vii.    BRIAN MOYNIHAN, ET AL, CEO

    viii.   SHELLPOINT MORTGAGE SERVICING, ET AL

    ix.     JACK NAVARRO, ET AL, CEO

    x.      REAL TIME SOLUTIONS, ET AL

    xi.     ERIC C GREEN, ET AL, CEO


     RESPONDENT(S).


Additional Respondents:
UNITED STATES DEPARTMENT OF JUSTICE, ET AL

UNITED STATES SUPREME COURT, ET AL

STATE OF NEW YORK SUPREME COURT, ET AL

UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL

STATE OF NEW YORK ATTORNEY GENERAL, ET AL

UNITED STATES DEPARTMENT OF THE TREASURY, ET AL

BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, ET AL

---

[1] July 30, 1947, Ch. 392, 61 Stat. 672.

U.S. DISTRICT COURT, EASTERN DIVISION STATE OF NEW YORK, ET AL

... Have entered into an agreement whereby they knowingly and intentionally agreed to the following "... Failure and or refusal to respond and provide the requested and necessary Proof of Claims shall be held and noted as agreed to by all parties, that a general response, a nonspecific response, or a failure to respond with specificities and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary and in support of the agreement shall constitute a failure and a deliberate and intentional refusal to respond and as a result thereby and/or therein, expressing the defaulting party's consent and agreement to said facts and as a result of the self-executing agreement, the following is contingent upon their failure to respond in good faith, with specificity, with facts and conclusions of common-law to each and every averment, condition, and/or claim raised; as they operate in favor of the Claimant, through "tacit acquiescence." Respondent(s) NOT ONLY expressly affirm the truth and validity of said facts set, established, and agreed upon between the parties to the Conditional Acceptance for Value and counter offer/claim for Proof of Claim, also Respondent(s); have agreed and consented to Respondent(s) having a duty and obligation to provide the requested and necessary Proof of Claims which has created and established for Respondent(s) an estoppel in this matter(s), and ALL matter(s) relating hereto; and arising necessarily therefrom; and

2.      The above-captioned matter was set for arbitration after the receipt of the application and dispute resolution complaint on June 8, 2019; and

3.      This Arbitrator has notified all parties listed above (a copy of proof of notification is permanently affixed to this record by reference) granting each party the opportunity to submit documentation, records, proofs, evidence, exhibits, affidavits related to the instant matter, the contract **2019-01091221MMUC-WBF4UJCSM-U123899811©**, its terms, premises, promises, and obligations on or about January 9, 2019; and

4.      The Respondent(s) in a related action have made a claim against the Claimant of this instant matter related to the Claimant's interests and/or properties. There exists a matter in dispute and/or controversy associated with the contractual agreement, thereby extending jurisdiction to this body to proceed as per the terms of the agreement, as well as relevant laws and facts in support as presented during the arbitration of this controversy; and

5.      The parties entered into a legally binding contractual relationship with each other and this Arbitrator finds that there is no fraud and/or any attempt to induce fraud and/or to commit fraud, and/or inducement of contract, and/or fraud in the factum respecting the instant matter and contract. Thus, the parties are bound by the terms and obligations agreed upon and imposed upon them as a direct result of the contractual agreement; and

6.      This Arbitrator finds that all the elements that form a contractual agreement and a legally commercial binding obligatory relationship are present; and

7.    The contract clearly expresses the method of settlement and resolution of all disputes arising thereunder shall be settled by arbitration under the authority of the standards of common-law arbitration, the Federal Arbitration Act, and further stipulated and appointed this Arbitrator listed herein as agreed upon as the Arbitrator of record. Neither party has objected, protested, and/or attempted to amend any portion and/or provision at any time of the contract; the contract status that all final and binding arbitration awards may be confirmed by any court in America having original jurisdiction pursuant to Title 9 United States Codes §9 and §13; and

8.    It has been alleged and thoroughly proven that the Respondent(s) listed above have by their own accord agreed to all the terms of the contract, that they have committed the offenses claimed in the contract and have acted against the interests of the Claimant's, depriving them of their right to property, their right to contract, the right to The Pursuit of Happiness and the enjoyment of life. They have admitted and agreed that they have violated the Claimant's constitutional and common law rights, that they had intentionally, knowingly and deliberately failed to perform as agreed, have forsook their obligatory duty of care and thus created a dispute that requires a resolution by SITCOMM ARBITRATION ASSOCIATION (Hereinafter "SAA") and/or any subsequent award; and

9.    The parties stipulated and agreed that the related matters including any judgments associated thereto, any claims, and any collateral attacks; by the Respondent(s) are null and void of any effect and shall not be binding on the Claimant retroactively and henceforth; and

10.    The contract stated that punitive damages can be optionally assessed, however; the contract remains silent as to any case that would direct the Arbitrator to direct a formula to determine punitive damages.  It is deemed that punitive damages may be warranted if the Respondent(s) do not voluntarily comply with this award.  In such an event, this Arbitrator may impose punitive damages at a rate of three times the amount of the actual damages in addition to other remedies awarded.[2]

11.    The parties did have a prior relationship and the Respondent(s) had an obligation to respond to the reasonable requests of the Claimant.  One of those requests being that the Respondent(s) provide an accounting and that such accounting be truthful and certified as being wholly accurate. As the custodian of record, a position for which the Respondent(s) volunteered, accepted such responsibility and have yet to rebut such a presumption. This Arbitrator finds that they were duty-bound and have breached their fiduciary duty of care, supporting their willful and intentional as well as deliberate default respecting the irrevocable binding contractual agreement that is coupled with interests; and

12.    Further, this Arbitrator finds that the contractual agreement does highlight and note a

---

[2] *Pacific Mutual Life Insurance Company vs. Haslip*, 499 US 1 (1991).

settlement offer whereby the parties stipulate within the body and framework of the agreement ("Contract" "Agreement") in line with the Tucker Act and have agreed to certain and specific terms under and in line with the contractual agreement; and

13.     There is complete diversity of citizenship between the parties; and

14.     The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, costs, fees and assessments; and

15.     That the venue is proper in any court of original jurisdiction wherein either the Arbitrator resides or chosen by the Claimant as stipulated in the contractual agreement and that any orders compelling witness attendance, provisional remedies, equitable relief, interim awards are to be issued and enforced according to the terms of the contract as stipulated in the agreement; and

16.     That the parties have agreed that all pre-existing as well as existing contractual Agreements between the parties, no matter their scope, subject matter, and/or detail are superseded and extinguished by the contractual agreement referenced and related hereto; and

17.     Should the Claimant elect; that jurisdiction for the final award may be had under the Tucker Act in the United States Court of Federal claims as the exclusive jurisdiction for said Court of Claims for damages against the United States under contract in excess of $10,000.00.  Since this matter is against an institution registered and licensed with the United States, during the time of its conduct is construed as one and the same as a matter of law; the Federal Court of Claims would be at the election of the Claimant, a chosen proper jurisdiction to have the matter determined under common-law and/or as stipulated in the contract at any court of original jurisdiction.

BASIS FOR ARBITRATION:

18.     On or about January 9, 2019, the Claimant and the Respondent(s) entered into a written, self-executing, binding, irrevocable, contractual agreement coupled with interests, for the complete resolution of their misconvictions and other conflicts respecting their previous relationship. The Respondent(s) made an attempt to change the terms of that contractual agreement and the Claimant presented a counter offer or conditional acceptance of the offer to the Respondent(s). The record clearly documents that the Respondent(s) have failed to properly respond after they received the counter offer, whereby such nonresponse would equate to tacit acquiescence thereby creating an estoppel respecting the Respondent(s) and any future claims and/or prior claims and/or present claims associated with this instant matter.

19.     It appears that a dispute has arisen under the agreement between the parties and it is the subject matter at bar.  The Claimant contends that after agreeing to the terms of the contract, the Respondent(s) have failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement.  The Claimant has demanded liquidation of the estate/trust and the Respondent(s) have failed to act.

20.     The contractual agreement stipulates that the Arbitrator may adjust the amount of the award to include fees, adjustments, costs, and other expenses.

21.     The contractual agreement provided for arbitration of disputes at SITCOMM ARBITRATION ASSOCIATION, which stated in relevant part:

That the arbitration process is binding on all parties and is the sole and exclusive remedy for redressing any issue associated with this agreement. That this agreement supersedes and predates as well as replaces any and all prior agreements between the parties, and is binding on all parties and irrevocable, and the parties agreed to the terms and conditions of this agreement upon default of the defaulting party as of the date of the default...

ARBITRATION- AN ADMINISTRATIVE REMEDY COGNIZABLE AT COMMON-LAW

22.     ADDITIONALLY, it is exigent and of consequence for the Claimant to inform Respondent(s), in accordance with and pursuant to the principles and doctrines of "clean hands" and "good faith," that by Respondent(s) failure and/or refusal to respond and provide the requested and necessary Proof of Claims; it shall be held and noted and agreed to by all parties, that a general response, a nonspecific response, or a failure to respond with specificities and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary and in support of the agreement shall constitute a failure and a deliberate and intentional refusal to respond and as a result thereby and/or therein, expressing the defaulting party's consent and agreement to said facts and as a result of the self-executing agreement, the following is contingent upon their failure to respond in good faith, with specificity, with facts and conclusions of common-law to each and every averment, condition, and/or claim raised; as they operate in favor of the Claimant, through "tacit acquiescence," Respondent(s) NOT ONLY expressly affirm the truth and validity of said facts set, established, and agreed upon between the parties to the Conditional Acceptance for Value and counter offer/claim for Proof of Claim and Respondent(s); have agreed and consented to Respondent(s) having a duty and obligation to provide the requested and necessary Proof of Claims which will create and establish for Respondent(s) an estoppel in this matter(s), and ALL matters relating hereto; and arising necessarily therefrom; and,

23.     In accordance with and pursuant to this agreement; a contractually (consensual) binding agreement between the parties to the Conditional Acceptance for Value and counter offer/claim for Proof of Claim to include the corporate Government Agency/Department construct(s) whom Respondent(s) represents/serves; as well as, ALL officers, agents, employees, assigns, and the like in service to Respondent(s) will not argue, controvert, oppose, or otherwise protest ANY of the facts already agreed upon by the parties set and established herein; and necessarily and of consequence arising therefrom, in ANY future remedial proceeding(s)/action(s), including binding arbitration and confirmation of the award in the District Court of the United States at any competent court under original jurisdiction, in accordance with the general principles of non-statutory Arbitration, wherein

the Conditional Acceptance for the Value/Agreement/Contract no. **2019-01091221MMUC-WBF4UJCSM-U123899811©** constitutes an agreement of all interested parties in the event of a default and acceptance through silence/failure to respond when a request for summary disposition of any claims or particular issue may be requested and decided by the Arbitrator, whereas a designated Arbitrator was chosen at random, who is duly authorized, and in the event of any physical or mental incapacity to act as Arbitrator, the Claimant shall retain the authority to select any neutral(s)/Arbitrator(s) that qualify pursuant to the common law right to arbitration, as the arbitration process is a private remedy decided upon between the parties and with respect to this contractual agreement; the defaulting party waives any and all rights, services, notices, and consents to the Claimant and or the Claimant's representative selection of the Arbitrator thereby constituting agreement and any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability shall be settled by arbitration, and the Arbitrator may hear and decide the controversy upon evidence produced although a party who was duly notified of the arbitration proceeding did not appear; that the Claimant deems necessary to enforce the "good faith" of ALL parties hereto within without respect to venue, jurisdiction, law, and forum the Claimant deems appropriate. "An arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[3]

24.        Further, Respondent(s) agree that the Claimant can secure damages via financial lien on assets, properties held by them or on their behalf for ALL injuries sustained and inflicted upon the Claimant for the moral wrongs committed against the Claimant as set, established, agreed and consented to herein by the parties hereto, to include but not limited to: constitutional impermissible misapplication of statute(s)/law(s) in the above referenced alleged Commercial/Civil/Cause; fraud, conspiracy (two or more involved); trespass of title, property, and the like; and, ALL other known and unknown trespasses and moral wrongs committed through ultra vires act(s) of ALL involved herein; whether by commission or omission. Final amount of damages to be calculated prior to submission of Tort Claim and/or the filing of lien and the perfection of a security interest via a Uniform Commercial Code Financing One (1) Statement; estimated in excess of TEN (10) Million dollars (USD- or other lawful money or currency generally accepted with or by the financial markets in America) and notice to Respondent(s) by invoice. Per Respondent(s) failure and/or refusal to provide the requested and necessary Proof of Claims and thereby; and therein consenting and agreeing to ALL the facts set, established, and agreed upon between the parties hereto, shall constitute a self-executing binding irrevocable durable general power of attorney coupled with interests. This Conditional Acceptance for Value and counter offer/claim for Proof of Claim becomes the security agreement under commercial law whereby only the non-defaulting party becomes the

---

[3] *Aftor v. Geico Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).

secured party, the holder in due course, the creditor in and at commerce. It is deemed and shall always and forever be held that the Claimant and all property, interest, assets, estates, trusts commercial or otherwise shall be deemed consumer and household goods not-for-profit and or gain, private property, and exempt, not for commercial use, nontaxable as defined by the Uniform Commercial Code Article 9 §102 and Article 9 §109 and shall not in any point and/or manner, past, present and/or future be construed otherwise- see the Uniform Commercial Code Articles 3, 8, and 9.

25.      Respondent(s) have allowed the ten (10) Calendar days or twenty (20) Calendar days total if request was made by signed written application for the additional ten (10) Calendar days to elapse without providing the requested and necessary Proof of Claims for which Respondent(s) have entered into fault and the Claimant has transmitted a Notice of Fault and Opportunity to Cure and Contest Acceptance to the Respondent(s); wherein Respondent(s) were given an additional three (3) days (72 hours) to cure Respondent(s) fault. Respondent(s) failed or otherwise refused to cure Respondent(s) fault and Respondent(s) are found in default and thereby; and therein, Respondent(s) have established Respondent(s) consent and agreement to the facts contained within the Conditional Acceptance for Value and counter offer/claim for Proof of Claim as said facts operate in favor of the Claimant; e.g., that the judgment of alleged "court of record" within the above referenced alleged Commercial/Civil/Cause is VOID AB INITIO for want of subject-matter jurisdiction of said venue; insufficient document (Information) and affidavits in support thereof for want of establishing a claim of debt; want of Relationship with the "source of authority" for said statute(s)/law(s) for want of privity of contract, or contract itself; improperly identified parties to said judgment, as well as said dispute/matter; and,

26.      Respondent(s) agreed and consented that Respondent(s) do have a duty and obligation to Claimant; as well as the corporate Government Department/agency construct(s) Respondent(s) represents/serves, to correct the record in the alleged Commercial/Civil/Cause and thereby; and therein, release the indenture (however termed/styled) upon the Claimant and cause the Claimant to be restored to liberty and release the Claimant's property rights, as well as ALL property held under a storage contract in the "name" of the all-capital-letter "named" defendant within the alleged Commercial/Civil/Cause within the alleged commercially "bonded" warehousing agency d.b.a., for the commercial corporate Government construct d.b.a. the United States. That this arbitration award is to be construed contextually and not otherwise and that if any portion and/or provision contained within this arbitration award, the self-executing binding irrevocable contractual agreement coupled with interests; is deemed non-binding it shall in no way affect any other portion of this arbitration award. That this Arbitrator is permitted and allowed to adjust the arbitration award to no less than two times the original value of the properties associated with this agreement, plus the addition of fines, penalties, and other assessments that are deemed reasonable to the Arbitrator upon presentment of such claim, supported by prima facie evidence of the claim.

27.     The defaulting party will be estopped from maintaining or enforcing the original offer/presentment; i.e., the above referenced alleged Commercial/Civil/Cause as well as ALL commercial paper (negotiable instruments) therein, within any court or administrative tribunal/unit within any venue, jurisdiction, and forum the Claimant may deem appropriate to proceed within in the event of ANY and ALL breach(s) of this contractual agreement by Respondent(s) to compel specific performance and or damages arising from injuries therefrom. The defaulting party will be foreclosed by laches and/or estoppel from maintaining or enforcing the original offer/presentment in any mode or manner whatsoever, at any time, within any proceeding/action.

28.     Furthermore, the Respondent(s) are foreclosed against the enforcement, retaliation, assault, infringement, imprisonment, trespass upon the rights, properties, estate, person whether legal, natural or otherwise of the presenter/petitioner and/or his interest and/or his estate retroactively, at present, post-actively, forever under any circumstances, guise, and/or presumption.

**NOTICE OF COMMON-LAW ARBITRATION:**

29.     Please be advised that in-as-much as the Claimant has "secured" the "interest" in the "name" of the all-capital-letter "named" defendant as employed/used upon the face; and within, ALL documents/instruments/records within the alleged Commercial/Civil/Cause, to include any and all derivatives and variations in the spelling of said "name" except the "true name" of the Claimant, through a Common-Law Copyright, filed for record within the Office of the Secretary of State and having "perfected said interest" in same through incorporation within a Financing (and all amendments and transcending filings thereto), by reference therein, the Claimant hereby and herein, waives the Claimant's rights as set, established, and the like therein, and as "perfected" within said Financing Statement acting/operating to "register" said Copyright, to allow for the Respondent(s) to enter the record of the alleged "court of record" within the alleged Commercial/Civil/Cause for the SOLE purpose to correct said record and comply with Respondent(s) agreed upon duty/obligation to write the "order" and cause same to be transmitted to restore and release the Claimant, the Claimant's corpus and ALL property currently under a "storage contract" under the Claimant's Common-Law Copyrighted trade-name; i.e., the all-capital-letter "named" defendant within the above referenced alleged Commercial/Civil/Cause, within the alleged commercially "bonded" warehousing agency d.b.a. the commercial corporate Government juridical construct d.b.a. the United States. Please take special note, that the copyright is with reference to the name and its direct association and/or correlation to the presenter.

30.     **NOTICE:**  The Arbitrators, "Must not necessarily judge according to the strict law but as a general rule ought chiefly to consider the principles of practical business."[4]

•       "Internationally accepted principles of law governing contractual relations."[5]

---

[4] *Norske Atlas Insurance Co v London General Insurance Co* (1927) 28 Lloyds List Rep 104.
[5] *Deutsche Schachtbau v R'As al-Khaimah National Oil Co* (1990) 1 AC 295.

- If the contract (valid or otherwise) contains an arbitration clause, then the proper forum to determine whether the contract is void or not, is the arbitration tribunal.[6]

- That any determination by the Arbitrator is binding upon all parties, and that all parties agree to abide by the decision of the Arbitrator. The Arbitrator is to render a decision based upon the facts and conclusions as presented within the terms and conditions of the contract. Any default by any party must be supported by proof and evidence of said default, that default shall serve as tacit acquiescence on behalf of the party who defaulted as having agreed to the terms and conditions associated with the self-executing binding irrevocable contract coupled with interests. That the Arbitrator is prohibited from considering and/or relying on statutory law, as it has been held that any time any party relies on or enforces a statute, they possess no judicial power.

- "A judge ceases to set as a judicial officer because the governing principals of administrative law provides that courts are prohibited from substituting their evidence, testimony, record, arguments and rationale for that of the agency. Additionally, courts are prohibited from their substituting their judgments for that of the agency."[7]

- "...Judges who become involved in enforcement of mere statutes (civil or criminal in nature and otherwise), act as mere "clerks" of the involved agency... "[8]

- "...Their supposed 'court' becoming thus a court of limited jurisdiction' as a mere extension of the involved agency for mere superior reviewing purposes."[9] "When acting to enforce a statute, the judge of the municipal court is acting an administrative officer and not as a judicial capacity; courts in administrating or enforcing statutes do not act judicially. but, merely administerially."[10]

- "It is basic in our law that an administrative agency may act only within the area of jurisdiction marked out for it by law. If an individual does not come within the coverage of the particular agency's enabling legislation the agency is without power to take any action which affects him."[11]

  "It is not every act, legislative in form, that is law. Law is something more than mere will be exerted as an act of power...Arbitrary power, enforcing its edicts to the injury of the person and property of its subjects is not law." [12]

- Some of the aforementioned cases are not published, however; these are still fundamental principles of law, and one of the fundamental principles of arbitration is that the Arbitrator sits as judge over the facts, and as such to preserve the sanctity of the process and Arbitrator receives the same immunity as a judge and is exempt from prosecution and or review, unless

[6]  *Heyman v Darwins Ltd.* (1942) AC 356.
[7]  *AISI v US*, 568 F2d 284.
[8]  K.C. Davis, ADMIN. LAW, Ch. 1 (CTP. West's 1965 Ed.)
[9]  K.C. Davis, ADMIN. LAW, P. 95, (CTP, 6 Ed. West's 1977) *FRC v G.E.* 281 US 464; *Keller v PE*, 261 US 428.
[10] *Thompson v Smith.* 155 Va. 376. 154 SE 583, 71 ALR 604.
[11] *Endicott v Perkins*, 317 US 501.
[12] *Hurtado v. California* (1884) 110 US 515 (1984).

they can be proved that the Arbitrator intentionally ignored the evidence and acted in conspiracy to defraud the parties.

31.    As the Claimant has no desire NOR wish to tie the hands of Respondent(s) in performing Respondent(s) agreed upon duty/obligation as set, established, and agreed upon within this Conditional Acceptance for Value and counter offer/claim for Proof of Claim and thereby create/cause a "breach" of said contractually binding agreement on the part of the Respondent(s), Respondent(s) is hereby; and herein, NOTICED that if this waiver of said Copyright is not liberal, NOR extensive enough, to allow for the Respondent(s) to specifically perform all duties/obligations as set, established, and agreed upon within the Conditional Acceptance for Value and counter offer/claim for Proof of Claim: Respondent(s) may; in "good faith" and NOT in fraud of the Claimant, take all needed and required liberties with said Copyright and this waiver in order to fulfill and accomplish Respondent(s) duties/obligations set, established, and agreed upon between the parties to this agreement.

32.    If Respondent(s) has any questions and or concerns regarding said Copyright and or the waiver, Respondent(s) is invited to address such questions and or concerns to the Claimant in writing and causing said communiqués to be transmitted to the Claimant and below named Notary/Third Party. The respondents have acted as if the contract quasi-or otherwise does not place a binding obligation upon their persons, upon their organizations, upon their institutions, upon their job qualifications, and breaching that obligation breaches the contract, for which they cannot address due to the direct conflict of interest. It is as a result of that conflict of interest that binding arbitration shall be instituted.

33.    Your failure to respond, and this would include each of the Respondent(s) by their representative, and if represented by the Attorney General, such representation must be responsive for each State and/or State organization/department/agency, separately and severally to each of the points of averment, failure to respond to a single point of averment will constitute acquiescence, forfeiture, and a waiver of all rights with respects all of the points raised in this presentment.

34.    Pursuant to the terms of the contractual agreement the Claimant has provided proof that they have attempted to communicate with the Respondent(s) for compliance of the contractual agreement and have exhausted the requirements of the contractual agreement in that regard.

35.    The Respondent(s) have agreed and consented to binding arbitration under the terms of the contractual agreement and have waived all rights to vacate, modify, appeal, contest, or collaterally attack the decision, rulings, orders, remedies, and/or award (both interim and final) of this Arbitrator.

**THE FEDERAL ARBITRATION ACT Application:**

36.    Pursuant to the contractual agreement's arbitration clause, the agreement evidences a

transaction involving or affecting "commerce," within the meaning of Article 9 United States Code Subsection 1, and that the facts attributable to the claimant's in the underlying associated matters/cause/actions are associated with the use of instrumentalities as described in the foreign sovereign immunities act or otherwise affected "commerce among the several states" within the meaning of the statute and Article 9 United States Code § 1.

37.      DUE TO THE FACT THAT THE CONTRACTUAL AGREEMENT IS A BINDING IRREVOCABLE CONTRACT WHICH AFFECTS "COMMERCE," THE ARBITRATION PROVISIONS CONTAINED WITHIN IT ARE "VALID, IRREVOCABLE AND ENFORCEABLE WITHIN THE MEANING OF 9 UNITED STATESS CODE SUBSECTION 2.

38.      "Valid, Irrevocable and Enforceable" arbitration agreements and the orders, rulings, decisions, remedies, and award made therefrom may be enforced in the United States courts by way of confirmation and entry of a judgment of the court within the meaning of the statute and Article 9 United States Codes § 9 and §13.  The supreme court has explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."[13]  Confirmation of an award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[14]

39.      It was held by the supreme court that "the "wholly groundless"[15] exception to arbitrability is inconsistent with the federal arbitration act and this court's precedent. Under the act, arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms.[16]  The parties to such a contract may agree to have an arbitrator decide not only the merits of a particular dispute, but also "'gateway' questions of 'arbitrability.'" Therefore, when the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract, even if the court thinks that the arbitrability claim is wholly groundless."[17]

PROCEDURES ON ARBITRATION PROCEEDINGS:

40.      The Claimant is seeking equitable relief and monetary damage relief from the Respondent(s) and that the parties have agreed that arbitration proceedings should be bifurcated into separate phases: Phase One (1) should address the claims for monetary damages; and Phase Two (2) should address the claims for equitable relief.

41.      The parties have stipulated that any court of original jurisdiction may enforce the provisions of Phase Two (2) equitable relief awarded by the Arbitrator.

42.      The Arbitrator shall have the exclusive jurisdiction for the enforcement of any and all matters associated with Phase One (1) monetary damage relief.

43.      Due to time constraints and the paramount danger affecting the public interest,

---

[13] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).
[14] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).
[15] *Henry Schein, Inc., et al. v. Archer & White Sales, Inc.* (2019).
[16] *Rent-A-Center, West, Inc. v. Jackson*, 561 US 63, 67.
[17] Ibid.

justice, and due process; the parties' consented and applied for the arbitration proceedings to commence without delay.

44.     First set of claims' (due to the extensive nature of the claims, each of the claims by the Claimant is incorporated herein by reference) …

☐     The record shall reflect and note that the Claimant has attached a copy of the original contract which list all the claims within the form of stipulation, that the parties have all agreed to, and that they have incorporated each of those claims by reference. This Arbitrator finds that such incorporation is appropriate and accepts that incorporation as a matter of record.

☐     As noted above, the Claimant has alleged that the Respondent(s) have breached the contractual agreement and because the agreement is binding on all parties and was irrevocable; the Respondent(s) have acted in bad faith, with unclean hands, and have breached their fiduciary duty of care, responsibilities and are liable to the Claimant for the amount of the contractual agreement, plus additional costs, fees, assessments, penalties, and other equitable relief remedies.

☐     That the Respondent(s) have agreed to discontinue all use of the Claimant's personal information, assets, properties, within its publication, its databases, its system of record keeping, and to have surrendered all records associated with this matter to the Claimant and have failed to do as agreed.

☐     That the Respondent(s) have agreed to compensate the Claimant for their gross misrepresentation of facts and other information pertinent to the welfare and well-being of the Claimant.  Respondent(s) have failed to provide such compensation as agreed and have failed to provide any documentation which would substantiate their having complied with this requirement of the contractual agreement.

☐     That the Claimant has agreed and accepted the fact that the United States has declared a national banking emergency which is supported by the "EMERGENCY ECONOMIC BANKING RELIEF ACT," "PROCLAMATION 2038, 2039, and 2040," and the "NATIONAL EMERGENCIES ACT," which resulted in the suspension of all normal banking activities and have agreed that any claim of debt by the Respondent(s) is fraudulent, and that they willfully attempted and committed fraud against the Claimant.

☐     That the Respondent(s) have agreed that THE NATIONAL BANKING HOLIDAY permits them to issue what's known as emergency script as prescribed by the March 9, 1933 Act (the reference notes of Congress lend to this conclusion), have agreed to issue book keeping entry credit and/or tax credits to the Claimant in the amount of the initial claim and owe Claimant as much as treble damages associated with the initial claim.

☐     The Respondent(s) have further agreed to turn over any and all properties, assets,

securities, documents, accounting records to the claimant's upon demand/default and have failed and/or refused to do so, thus putting them in further breach in violation of the contractual agreement, entitling the Claimant to equitable relief.

**The findings and determination of THIS ARBITRATOR:**

45.    It is the determination of this Arbitrator that the following are facts that are undisputed and uncontroverted:

a.    That there is a binding irrevocable contractual agreement that has been coupled with interests that exist between the parties.

b.    That the parties had a pre-established relationship which placed an obligation on each to communicate with the other.

c.    That the Respondent(s) have made changes to the original agreement which permitted and allowed the Claimant to present a counter offer and/or conditional acceptance of the offer to change the agreement to the Respondent(s).

d.    That the self-executing binding contract coupled with interests stands as irrevocable.

e.    That the Respondent(s) have agreed to the contract, agreed to all the terms and conditions of the contract by their acceptance of the waiver which was included as part of the contractual agreement; that waiver being the right not to respond as highlighted by the Supreme Court of the United States:

46.    "Due process requires, at a minimum; that an individual be given a meaningful opportunity to be heard prior to being subjected by force of law to a significant deprivation. . .. That the hearing required by due process is subject to waiver and is not fixed in form does not affect its root requirement that an individual be given an opportunity for a hearing before he is deprived of any significant property interest . . ."[18]

47.    "In the latter case[19] we said that the right to be heard 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.'[20] The Respondent(s) have failed to provide proof that they have not received and/or been notified of the existence of the contract and of their right to waiver.

48.    The Respondent(s) failure to respond constituted an act of "tacit acquiescence."

49.    Respondent(s) have failed and/or refused to respond and provide the requested and necessary Proof of Claims as requested by the Claimant.  Therefore, it shall be held, noted and agreed to by all the parties; that a general response, a nonspecific response, or a failure to respond with specificities and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary and in support of the agreement shall constitute a failure and a deliberate and intentional refusal to respond and as a result thereby and/or therein,

---

[18]  *Randone v. Appellate Department*, 1971, 5 C3d 536, 550.
[19]  *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306
[20]  *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 339, 340

expressing the defaulting party's consent and agreement to said facts and as a result of the self-executing agreement, the following is contingent upon their failure to respond in good faith, with specificity, with facts and conclusions of common-law to each and every averment, condition, and/or claim raised; as they operate in favor of the Claimant, through "tacit acquiescence." Respondent(s) NOT ONLY expressly affirm the truth and validity of said facts set, established, and agreed upon between the parties to the Conditional Acceptance for Value and counter offer/claim for Proof of Claim, but also Respondent(s) have agreed and consented to Respondent(s) having a duty and obligation to provide the requested and necessary Proof of Claims which will create and establish for Respondent(s) an estoppel in this matter(s), and ALL matters relating hereto; and arising necessarily therefrom…and

50.     Respondent(s) have waived all rights, claims, defenses, and/or standing respecting the matter and is estopped from any collateral attacks and/or seeking disposition from any other venue as a result of the knowing, intentional and deliberate consent to the contractual agreement.

    a.  U.S. Congress is complicit with the Federal Reserve System in printing and circulating worthless pieces of paper as currency and using book keeping entry credit as 'money' for loans but refusing to accept like-kind payments for 'government obligations' with the end result of taking personal property deemed owned by the United States without disclosure.

    b.  Banking institutions are making book-keeping entry credit loans that are insured against loss, are backed by the full faith and credit of the United States, and are fully paid and doing so in a deliberately deceptive manner to conceal pertinent information regarding the origination of the loan.

    c.  Refusal to supply the asked for accounting records conceals the fact that the lender is receiving tax credits from the government with respect to an associated loan write off without giving the borrower the credit on account.

    d.  Refusal to answer the proofs of claim is an admission of guilt… guilt of fraud in the contract, guilt associated with deceptive business practices, racketeering, and the like.

    e.  Claimants have acted in honor and exercised their right to contract by responding to Respondents change in terms and initiating changes of their own to which, by their own Rules, Respondents agreed and accepted by acquiescence.

51.     The Respondent(S) have thirty (30) days from receipt of this Award to comply with the

decision of this Arbitrator. In the event that the Respondent(s) fails to comply with the decision of this Award, this Arbitrator may re-visit this matter to award the Claimant with punitive damages.

52.     The Supreme Court has explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."[21] A Judicial review of an arbitrator's award is extremely limited, and the court must accept the arbitrator's credibility determinations, even where there is conflicting evidence and room for choice exists.[22] "An arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[23]

53.     This order shall be binding on all the parties, in all jurisdictions, and shall take precedent over all collateral and/or related matters heretofore, at present and forthwith until the agreement is fully satisfied. The Respondent(s) are estopped from maintaining and/or bringing forth any action against the Claimant, the Claimant's heirs, and/or the Claimant's properties permanently. This order shall constitute a permanent injunction against the Respondent(s) respecting the Claimant's and the Claimant's interest; comprised and embodied within the contractual agreement.

54.     The Respondent(s) are hereby ordered to release the demanded information of the Claimant which includes a full review and audit of all revenue for the estate/trust over the past ten (10) years, any tax credits and/or deductions associated with the estate/trust, a copy of any insurance policies associated with the estate/trust and a copy of any bonds held in respect to the estate/trust. The purpose of this information shall be for the Claimant to liquidate any and all assets of the estate/trust; and

55.     The Respondent(s) are hereby ordered to release any and all claims against any and all properties of the Claimant's, to return any and all properties held in any manner, to include records, documents, audiotapes, discoveries, exculpatory or otherwise, and that this order/mandate shall not be construed other than its intent and its contextual rendering.

56.     Accordingly, Justice Kavanaugh of the Supreme Court expressed his opinion as "We must interpret the Act as written, and the Act in turn requires that we interpret the contract as written. When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless."[24]

[21] *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).
[22] *Matter of Long Is. Ins. Co. v. Motor Vehicle Accident Indemnification Corp.*, 57 AD3d 670, 869 NYS2d 195 (2nd Dept., 2008). *White v. Roosevelt Union Free School District Board of Educ.*, 147 AD3d 1071, 48 NYS3d 220 (2nd Dept., 2017).
[23] *Aftor v. Geico Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).
[24] *Henry Schein, Inc., et al. v. Archer & White Sales, Inc.* (2019).

57. Further, Kavanaugh continued; "That conclusion follows not only from the text of the Act but also from precedent. We have held that a court may not "rule on the potential merits of the underlying" claim that is assigned by contract to an arbitrator, "even if it appears to the court to be frivolous."[25] A court has "'no business weighing the merits of the grievance'" because the "'agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.'"[26] AT&T Technologies principle applies with equal force to the threshold issue of arbitrability. Just as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator.

This award is consistent with the following:

58. 5 U.S. Code § 572 - General authority

(a) An agency may use a dispute resolution proceeding for the resolution of an issue in controversy that relates to an administrative program, if the parties agree to such proceeding.

(b) An agency shall consider not using a dispute resolution proceeding if—

(1) A definitive or authoritative resolution of the matter is required for precedential value, and such a proceeding is not likely to be accepted generally as an authoritative precedent;

(2) The matter involves or may bear upon significant questions of Government policy that require additional procedures before a final resolution may be made, and such a proceeding would not likely serve to develop a recommended policy for the agency;

(3) Maintaining established policies is of special importance, so that variations among individual decisions are not increased and such a proceeding would not likely reach consistent results among individual decisions;

(4) The matter significantly affects persons or organizations who are not parties to the proceeding;

(5) A full public record of the proceeding is important, and a dispute resolution proceeding cannot provide such a record; and

(6) The agency must maintain continuing jurisdiction over the matter with authority to alter the disposition of the matter in the light of changed circumstances, and a dispute resolution proceeding would interfere with the agency's fulfilling that requirement.

(7) Alternative means of dispute resolution authorized under this subchapter are voluntary procedures which supplement rather than limit other available agency dispute resolution techniques.[27]

59. The Claimant and Respondent(s) have agreed that this private contractual agreement involving private parties has no bearing on the public and/or the SITCOMM ARBITRATION ASSOCIATION'S policies and/or procedures, and that the award is consistent with the terms of the

---

[25] *AT&T Technologies, Inc. v. Communications Workers*, 475 U. S. 643, 649–650 (1986).
[26] *Steelworkers v. American Mfg. Co.*, 363 U. S. 564, 568 (1960).
[27] Added Pub. L. 101–552, § 4(b), Nov. 15, 1990, 104 Stat. 2739, § 582; renumbered § 572, Pub. L. 102–354, § 3(b)(2), Aug. 26, 1992, 106 Stat. 944.

agreement and the general principles of arbitration that have been delineated through the annuals a
time.

60.     That the contractual agreement between the parties was specific to the parties only and did
not involve any nonrelated party and/or entity, does not affect government and/or its abilities to
carry out its functions, policies, and/or procedures. That the parties saw arbitration as an alternative
remedy and agree to the alternative remedy within the construct of the binding irrevocable
contractual agreement that remains coupled with interests.

61.     That the term and/or phrase agency as defined by the statute does not apply to the parties
and their private contractual matters, · (1)"agency" means each authority of the Government of the
United States, whether or not it is within or subject to review by another agency, but does not
include— (A) the Congress; (B) the courts of the United States; (C) the governments of the territories
or possessions of the United States; (D) the government of the District of Columbia; (E) agencies
composed of representatives of the parties or of representatives of organizations of the parties to the
disputes determined by them; (F) courts martial and military commissions; (G) military authority
exercised in the field in time of war or in occupied territory; or (H) functions conferred by; subchapter
II of; or sections 1884, 1891–1902, and former appendix; 1.

    (a) that none of the following cases apply wherein the award may be vacated—

(1) As this Arbitrator relied upon the facts and evidence[28] presented and that the award was not
procured by corruption, fraud, or undue means; and/or

(2) That no aspect of the parties political affiliation, sexual orientation, gender, religious Association,
and/or otherwise partiality or corruption are present in the Arbitrators, or and/or the issuance of this
award; and/or

(3) The Arbitrator is not guilty of misconduct in refusing to postpone the hearing, as each party was
given an opportunity to have such a hearing postponed whether or not they provided sufficient
cause, or and that there was in no case a refusal to hear evidence pertinent and material to the
controversy; or any misbehavior by which the rights of any party could be perceived as having been
prejudiced; and/or

(4) That the Arbitrator operated only within the powers delegated by the contractual agreement,
powers that were detailed in the agreement, and to the best of the Arbitrator's ability have perfectly
executed those powers to the extent that a mutual, final, and definite award upon the subject matter
submitted has been rendered.  Title 5 §572 has been complied with by this Arbitrator and SITCOMM
ARBITRATION ASSOCIATION.

62.     That this award may only be modified under the following circumstances —

---

[28] *Singh v.  Raymond James Fin. Servs., Inc.*, No. 13-cv-1323, 2014 WL 11370123, (S.D.N.Y. March 28, 2014).  "[T]ypically, 'arbitrators need
not explain their rationale for an award'" (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award, the Arbitrator relied on the contract and the amount specified within the agreement; and

(b) Where the Arbitrators may have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted, the Arbitrator has relied upon the evidence presented and the contractual agreement and terms specified therein; and

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy. This Arbitrator may modify and correct the award, so as to affect the intent thereof and promote justice between the parties, the Arbitrator has intended to promote justice, fairness, and render due process between the parties irrespective of the Arbitrator's personal opinion, rationale, arguments and/or disposition.

63.    It shall be forever known and stated, that this Arbitrator relied on the evidence presented and the intentions of the contract; and not otherwise. That I am duly appointed by the parties as stipulated in the agreement and as per the law this order is binding on all parties and I have come to the conclusions stated herein based on the facts and the evidence presented at the time of this arbitration award. This decision and/or rendering is not interim, that this is a final decree and judgment by this Arbitrator shall remain in effect and enforced as un-amendable immediately upon issuance.

**64. Finally, this Arbitrator finds summary award is due Claimants Mario Castro and wife Magdalena Castro and that the amount to be paid to the Claimants is $ 1,275,000.00 (One Million Two Hundred Seventy Five Thousand U.S. Dollars and No Cents); as stipulated according to the terms of the contractual agreement between the parties, and further that said amount is due separately and severally from each Respondent as follows:**

  a.    Respondent BANK OF NEW YORK MELLON, ET AL; and,

  b.    Respondent CHARLES W. SCHARF, ET AL, CEO of BANK OF NEW YORK MELLON; and,

  c.    Respondent AKERMAN, LLP; and,

  d.    Respondent NATSAYI MAWERE, ET AL; and,

  e.    Respondent JOSEPH DEFAZIO, ET AL; and,

  f.    Respondent SHELLPOINT MORTGAGE SERVICING, ET AL; and,

  g.    Respondent JACK NAVARRO, ET AL; and,

  h.    Respondent REAL TIME SOLUTIONS, ET AL; and,

  i.    Respondent ERIC C. GREEN, ET AL; and,

j.   Respondent BANK OF AMERICA, NA, ET AL; and,

k.   Respondent BRIAN MOYNIHAN, ET AL, CEO

**65. The total combined award is $ 14,025,000.00 (Fourteen Million Twenty Five Thousand U.S. Dollars and No Cents) as stipulated according to the terms of the contractual agreement between the parties.**

NOTICE OF THE ISSUANCE OF THE AWARD TO BE DELIVERED TO:

ORIGINAL:   CLAIMANTS                          COPIES:   RESPONDENTS

MARIO and MAGDALENA CASTRO                     BANK OF NEW YORK MELLON, ET AL
419 West Hills Road                            Charles W. Scharf, Et Al, CEO
Melville, New York 11747                       24 Greenwich Street
                                               New York, New York 10286

                                               AKERMAN, LLP
                                               Natsayi Mawere, Et Al
                                               Joseph Defazio, Et Al
                                               666 Fifth Ave, 20th Floor
                                               New York, New York 10103

EMAIL:   4Lifemcastro@gmail.com                BANK OF AMERICA, ET AL, merged with
                                               COUNTRYWIDE, ET AL
                                               Brian Moynihan, Et Al, CEO
                                               100 North Tyron Street
                                               Charlotte, North Carolina 28255

                                               SHELLPOINT MORTGAGE SERVICING, ET AL
                                               Jack Navarro, Et Al, CEO
                                               P.O. Box 10826
                                               Greenville, South Carolina 29603-0826

                                               REAL TIME SOLUTIONS, ET AL
                                               Eric C Green, Et Al, CEO
                                               1349 Empire Central Drive
                                               Dallas, Texas 75247

SO, AWARDED.

Be it so this 6th day July 2019.

At:  Laurel, Mississippi

Printed Arbitrators Name:  MARK MOFFETT

Arbitrator's Signature: _____

Printed Name of Committee Member:  SANDRA GOULETTE

Committee Member's Signature: _____

IMPORTANT NOTICE:  Certification of services rendered.  The Original Arbitration Award is given to the Claimant to be retained as private property. No Trespass. Certified Copies of the Original can only be issued with permission of SITCOMM ARBITRATION ASSOCIATION.

# SITCOMM ARBITRATION ASSOCIATION

**1001 South White Oak Road**
**White Oak, Texas 75693**
**+ 1 (877) 631-1722**

Website: www.saalimited.com          Email: support@saalimited.com

## Office of the Director

This Certification is valid for use anywhere within the United States of America, its territories or possessions. This Certification does certify the content of the document for which it is issued.

**I, Sandra Goulette, Director of SITCOMM Arbitration Association**, under and by virtue of the authority vested in me by the Federal Arbitration Act Title 9 Sections 1-9 of the United States Code, Do Hereby Certify that:

# Mark Moffett

As Arbitrator has created and executed the attached Arbitration Award, on the date thereof; as duly qualified Arbitrator for SITCOMM Arbitration Association whose official acts as such should be given full faith and credit in all Courts and Justice and elsewhere.

**In Testimony Whereof,** I hereunto set my hand and have caused to be affixed a director's autograph, on this 6th day 2019 year of 07th month, in the year of our Lord.



_Sandra Goulette_
Sandra Goulette, Director
SITCOMM ARBITRATION ASSOCIATION COMMITTEE MEMBER

No. SAA-79U4-29J440KLZN-IM3491R8ST-R76FK2L-CASTRO

**SITCOMM ARBITRATION ASSOCIATION**
**1001 South White Oak Road**
**White Oak, Texas 75693**
**+ 1 (877) 631-1722**

**Website: saalimited.com**                 **Email: support@saalimited.com**

# ALL-PURPOSE PROOF OF SERVICE

I,      SITCOMM ARBITRATION ASSOCIATION, being at or above the age of 18, of the

majority and not a party to the action, a citizen of the United States of America, did mail the

document entitled:                  FINAL ARBITRATION AWARD

by placing it in an envelope addressed to: <u>Name and address:</u>

Mario and Magdalena Castro
419 West Hills Road
Melville, New York 11747

Bank of New York Mellon
Charles W. Scharf, CEO
24 Greenwich Street
New York, NY 10286

Akerman, LLP
Natsayi Mawere
Joseph Defazio
666 Fifth Ave 20th Floor
New York, NY 10103

Bank of America
Countrywide
Brian Moynihan, CEO
100 North Tyron Street
Charlotte, North Carolina 28255

Shellpoint Mortgage Servicing
Jack Navarro, CEO
PO Box 10826
Greenville, South Carolina 29603

Real Time Solutions
Eric C. Green, CEO
1349 Empire Central Drive
Dallas, Texas 75247

Affixing the proper postage and depositing it with the local postal carrier, also being of the age
of the majority, and not a party to this action who upon receipt guarantees delivery as addressed
and/or local dropbox guaranteeing the same as prescribed in law. If called upon I provide this
sworn testimony based on first-hand knowledge of the aforementioned events attesting and
ascribing to these facts on this day July 15, 2019.

THE SITCOMM ARBITRATION ASSOCIATION

**IMPORTANT NOTICE**:  In the event that the Party(s) do not answer this Notice or request an extension within the time indicted, the Arbitrator may proceed to enter an Arbitration Award based upon the supporting evidence presented and other related documentation.

Enclosed with this Notice is electronic media for the Respondent(s), that contain the supporting documentation of the above-entitled matter for your review.  YOU HAVE TEN (10)   Page | 2 DAYS from receipt of this Notice to forward a Response to the Arbitrator.  If a Response is not received, the Arbitrator will presume your acceptance and may proceed to review the supporting documentation electronically and issue a binding decision, please note that any and all responses must be served upon the parties, and you must maintain a record of proof of service.

DATE:  June 25, 2019                                        /s/ Mark Moffett

## ALL PURPOSE PROOF OF SERVICE

I,   SITCOMM ARBITRATION ASSOCIATION, being at or above the age of 18, of the majority and not a party to the action, a citizen of the United States of America, did mail the document entitled:                       NOTICE OF ARBITRATION HEARING by placing it in an envelope addressed to: Name and address:

Mario Castro
419 West Hills Road
Melville, New York 11747

The Bank of New York Mellon
24 Greenwich Street
New York, NY 10286

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603

Akerman LLP
666 Fifth Avenue
New York, NY 10103

Real Time Solutions
1349 Empire Central Drive
Dallas, Texas 75247

Bank of America
100 N. Tryon Street
Charlotte, NC 28255

Treasurer of the United States
1500 Pennsylvania Avenue N.W.
Washington, D.C. 20220

United States Attorney General
United States Department of Justice

950 Pennsylvania Avenue N.W.
Washington, D.C. 20530

United States Supreme Court
1 First Street N.E.
Washington, D.C. 20543

Page | 3

New York State Supreme Court
230 Park Avenue, Suite 826
New York, NY 12207

United States Department of Agriculture
1400 Independence Avenue S.W.
Washington, D.C. 20250

Office of the State Comptroller
59 Maiden Lane # 31
New York, NY 10038

Governor of the State of New York
NYS Capitol Building
Albany, NY 12224

State of New York Attorney General
The Capitol
Albany, NY 12224

New York State Assembly
630 New York Avenue, Suite D
Huntington, NY 11743

United States House of Representatives
478 A Park Avenue
Huntington, NY 11743

United States District Court
Eastern Division of New York
100 Federal Plaza
Central Islip, NY 11722

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local dropbox guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day June 25, 2019.

THE SITCOMM ARBITRATION ASSOCIATION

**Record/FILE ON DEMAND**

Acceptance of Offer with full immunity AND WITHOUT RECOURSE!   MEC-0820BNYM-SPMS1228-BNYM1SMS1-002© is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

## In the New York DISTRICT Court for the

## DISTRICT of New York at Common Law

| | |
|---|---|
| Mario E. Castro, Sui Juris, Propria Persona, Et al.; ) | Sub contract Case NO.17-cv-4375-JS-GRB |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| THE BANK OF NEW YORK MELLON, as ) | |
| Trustee for the Certificate Holders of CWALT ) | |
| Inc., Alternative Loan Trust 2006-0A11 ) | |
| mortgage Pass-through certificates 2006- ) | |
| 0A11, f/k/a THE BANK OF NEW YORK ) | |
| MELLON, ALTERNATIVE LOAN TRUST ) | |
| 2006-0A11; UNKNOWN Doe's 1-12,000, et ) | |
| al… SHELLPOINT MORTGAGE ) | |
| SERVICING, UNKNOWN Doe's 1-12,000 et ) | |
| al… ) | |
| ) | |
| Defendant(s) ) | |

I **HEREBY CERTIFY** that a true and correct copy (1 page) titled : In the matters of arbitration between parties:" page 1 of arbitration hearing notification  to be added to exibits E additional of this rule **"Motion"** and **"Exhibits**

- **E"** have been electronically mailed to all parties on the service list via the **UNITED STATES**

**POST OFFICE** by the **UNITED STATES POSTAL SERVICE via First Class Postage**

**Prepaid.**

**Dated this _____ day of August, 2019.**

**RESPECTFULLY PRESENTED,**

**Addressed to:**

**AKERMAN LLP (Attorneys for Defendants)**
**Attention: Jason D. St. John, Esq.**
**666 FIFTH AVENUE, 20TH FLOOR**
**NEW YORK, NEW YORK, 10103**
**Certified Mail No.:** 7017 2680 0000 4888 5129

"Without Prejudice"

Void/non- assumpsit

THE BENEFICIAL OWNER OF THE CESTI QUI EQUITABLE TRUST
Mario E. Castro, Propria Persona, Sui Juris
All Natural Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1.103.6
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741