```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARIO E. CASTRO,
                                                              Case No. 2:17-CV-04375
                       Plaintiff,

        v. 

THE BANK OF NEW YORK MELLON, AS
TRUSTEE FOR THE CERTIFICATE HOLDERS
OF CWALT INC., ALTERNATIVE LOAN TRUST
2006-OA11  MORTGAGE  PASS-THROUGH
CERTIFICATES, 2006-OA11, FKA THE BANK OF
NEW YORK, ALTERNATIVE LOAN TRUST
2006-0A11; MORTGAGE PASS THROUGH
CERTIFICATES   2006-0A11,   SHELLPOINT
MORTGAGE  SERVICING,  and  UNKNOWN
DEFENDANTS,

                       Defendants.
------------------------------------------------------------X
```

## DEFENDANTS' MEMORANDUM OF LAW OPPOSING PLAINTIFF'S MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)

### I.    INTRODUCTION[1]

Plaintiff Mario E. Castro's motion to vacate the judgment presents arguments and facts already considered and rejected by this Court. He bases his motion on a sham arbitration award. There was no agreement to arbitrate between the parties, and Mr. Castro does not even pretend to offer any. This Court previously decided Mr. Castro's evidence for arbitration included documents that "are not signed by Defendants" and "are largely incoherent and appear to have been created by Plaintiff." But Mr. Castro now argues for the same relief already denied him.

---

[1] Defendants the Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-OA11 Mortgage Pass-Through Certificates Series 2006-OA11 (**BoNYM**) and Shellpoint Mortgage Servicing (**Shellpoint**), collectively (**defendants**), respectfully submit this memorandum of law opposing plaintiff Mario E. Castro's motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b), dated August 21, 2019.

He brings forth no new evidence or arguments to justify vacating the previous judgment of this Court. The Court should not reward his fraudulent arbitration efforts.

## II. BACKGROUND AND PROCEDURAL HISTORY

Mr. Castro filed a complaint in this Court on July 24, 2017. [Dk. 1.] He amended his complaint on August 2, 2017. [Dk. 4.] BoNYM and Shellpoint moved to dismiss the complaint, which Mr. Castro opposed. [Dk. 13-18.] In a memorandum and order dated August 30, 2018, the Court granted BoNYM's motion to dismiss in part and denied it in part. [Dk. 19.] The Court granted Mr. Castro leave to file a second amended complaint, which Mr. Castro did on December 3, 2018. [Dk. 23.] The defendants filed a motion to dismiss the second amended complaint on February 4, 2019. [Dk. 32.] Mr. Castro submitted a motion to extend time to reply to the motion to dismiss. [Dk. 34.]

On February 28, 2019, the Court granted Mr. Castro time to reply, and noted "To the extent that Plaintiff seeks relief regarding 'proof of claims' and an 'arbitration clause,' he may address those arguments in his opposition." [Electronic Order, Feb. 28, 2019, available on ECF.] On April 3, 2019, Mr. Castro submitted opposition to the motion to dismiss. [Dk. 39.] Mr. Castro argued in his opposition that "all parties to the agreement have agreed to have this matter arbitrated as that agreement has incorporated within it an 'arbitration clause.'" [Dk. 39, at 2.] The "agreement" referenced by Mr. Castro was included at exhibits B-1 and B-2, but was not signed by the defendants. [Dk. 39-1, at 46-62.] Mr. Castro requested a stay of proceedings. [Dk. 39,at 2.] Mr. Castro argued the defendants acquiesced to arbitration by failing to respond to a notice of the phony agreement, and so became bound by it. [Dk. 39-1, at 7.]

The defendants replied in further support of their motion to dismiss, noting Mr. Castro used a form available online for his presentment to compel arbitration, and that the defendants

50017823;2

sent numerous letters to Mr. Castro denying the existence of any agreement to arbitrate. [Dk. 44, Declaration of Natsayi Mawere, at 2.].

On June 29, 2019, exactly one week before the purported arbitration hearing, the defendants' counsel received a notice of the upcoming arbitration. [Declaration of Jason D. St. John (**St. John Dec.**), Ex. A.] The defendants responded on July 8, 2019, again denying any agreement to arbitrate. [St. John Dec., Ex. B.]

Mr. Castro sent the defendants copy of an arbitration "award" on July 15, 2019. The defendants sent another letter on July 18, 2019, denying they ever consented to arbitration or that it was binding in any way. [St. John Dec., Ex. C.]

The Court issued a memorandum order and decision dismissing the claims in Mr. Castro's complaint on July 22, 2019. As part of that order, the Court determined that the documents Mr. Castro submitted in support of his argument were not valid. [Dk. 46, at 8.] The Court entered a judgment in favor of the defendants on July 23, 2019.

Mr. Castro now moves to vacate this judgment, relying on the same "agreement" he *already* provided to the Court. [Dk. 48, at 2 (referencing the agreement provided in Docket number 39 to the court).]

### III. ARGUMENT

Mr. Castro contends the Court should vacate the July 22, 2019 order and July 23, 2019 judgment that dismissed his claims with prejudice. Relief under FRCP 60(b) is an extraordinary remedy only available in limited circumstances. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Mr. Castro does not demonstrate any facts that meet this high standard.

*First*, Mr. Castro contends the Court made a mistake in dismissing the complaint under Rule 60(b)(1), because there was an agreement between the parties to arbitrate, and the court

3

"had no business determining the validity of the contract nor its binding nature." [Dk. 48, at 7.] Courts in the Second Circuit may consider a mistake allegedly made by the court under Rule 60(b)(1). *In re 310 Associates*, 346 F.3d 31, 35 (2d Cir. 2003); *Wright v. Poole*, 81 F.Supp.3d 280, 290 (S.D.N.Y. 2014). The mistake to be corrected can be one of fact or law. *310 Associates*, 346 F.3d at 35. But the district court need not grant relief unless the legal error is obvious, and Rule 60(b)(1) does not provide an opportunity for re-litigation. *Lugo v. Artus*, No. 05-cv-1998, 2008 WL 312298, *2 (S.D.N.Y. Jan. 31, 2008).

The Court did not make a mistake of law or fact. There was no agreement to arbitrate. The "agreement" Mr. Castro offers was not signed by the defendants. By Mr. Castro's argument, this "agreement" automatically sent this case to arbitration. Even if there were an agreement to arbitrate, the Federal Arbitration Act (**FAA**) states that the court shall stay the action "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3. 9 U.S.C § 4 provides that, in the event of a referral of a party to arbitrate under an alleged agreement, an aggrieved party may petition for "an order directing that such arbitration proceed in the manner provided for in such agreement." After service is made "the Court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*.

The Court correctly determined there was no agreement to arbitrate. Mr. Castro has no evidence of mistake, and to the extent he contends it was a legal mistake not to consider the arbitration "agreement," the language of the FAA contradicts his argument.

An individual cannot unilaterally decide to arbitrate an issue, unilaterally choose an arbitrator, and then arbitrate with himself. This is exactly what Mr. Castro did. The United

4

States Supreme Court, analyzing the role of the courts in enforcing arbitration agreements under the FAA, noted that "[a]rbitration under the Act is a matter of consent, not coercion ...." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). Mr. Castro attempts to prove an agreement to arbitrate through an agreement not signed by the defendants. "It is a basic tenet of contract law that, in order to be binding, a contract requires a 'meeting of the minds' and 'a manifestation of mutual assent.'" *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288 (2d Cir. 2019). Since they received notice of the purported arbitration "agreement," the defendants have objected several times. [Dk. 44, Ex. B (reproducing letters objecting to arbitration agreement); St. John Dec., Exs. B, C.] The defendants cannot be dragged into arbitration.

*Second*, Mr. Castro argues there is new evidence under Rule 60(b)(2), in the form of the purported agreement to arbitrate and the arbitration "award" from July 6, 2019. [Dkt. 48, at 7.] To succeed under Rule 60(b)(2), Mr. Castro must establish "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) [he was] . . . justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *U.S. v. Int'l Bro. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001). Mr. Castro does not meet any part of this test. The Court knew of the "agreement" to arbitrate when it rejected this agreement in its July 22, 2019 decision. If Mr. Castro relies on the "award" he received, this award was not in existence when the motion to dismiss was fully briefed and so does not constitute newly discovered evidence.

*Third*, Mr. Castro argued for relief under Rule 60(b)(3), arguing the defendants committed "fraudulent concealment." [Dk. 48, at 7.] A Rule 60(b)(3) motion cannot be granted

5

absent clear and convincing evidence of material misrepresentations. *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989); *see also King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) ("Fraud upon the court must be established by clear and convincing evidence."). Mr. Castro presents no evidence of fraud. He alleges the defendants "admitted to acts of and engaging in fraud (extrinsic) by their fraudulent concealment and their misconduct by remaining silent, refusing to respond . . . ." Mr. Castro does not state what the defendants fraudulently concealed. And for a silence to act as a fraud, there must be a duty to speak, and no duty can be alleged here. *See S.E.C. v. Dorozhko*, 574 F.3d 42, 48 (2d Cir. 2009) ("The Supreme Court held that remaining silent was actionable only where there was a duty to speak, arising from a fiduciary relationship."); *see also Jones v. East Brooklyn Sec. Services Corp.*, No. 11-cv-1021, 2012 WL 3235784, *8 (E.D.N.Y. Aug. 7, 2012).

Mr. Castro also cites Rule 60(b)(6), which allows a court to set aside a judgment for "any other reason that justifies relief." This section allows the court to vacate a judgment when such action is appropriate to accomplish justice, but it is reserved for extraordinary circumstances. *Buck v. Davis*, 137 S.Ct. 759, 777 (2017). Vacating the judgment in this case would work an injustice. Mr. Castro seeks, in bad faith, to enforce a sham arbitration award based on an agreement he fabricated.

Mr. Castro requests an order compelling the defendants to comply with the "agreement." As explained above, he is entitled to no such relief. In its July 22, 2019 decision, the Court held Mr. Castro's claims were so implausible he did not have the right to re-plead. [Dk. 46, at 13.] Mr. Castro's motion to vacate only supports the Court's decision. This is another attempt to avoid the Court's decision that he cannot state a claim. The Court should deny it.

50017823;2

## IV. CONCLUSION

Mr. Castro's arguments to be relieved from the judgment dismissing his claims do not establish any reason to grant this extraordinary relief. This Court correctly dismissed Mr. Castro's claims and denied referral to arbitration. His motion should be denied in its entirety and this case should remain closed.

Dated: September 3, 2019
      New York, New York

Respectfully submitted,

**AKERMAN LLP**

_____
Jason D. St. John (jason.stjohn@akerman.com)
Jordan M. Smith (jordan.smith@akerman.com)
666 Fifth Avenue, 20th Floor
New York, NY 10103
(212) 880-3800

*Attorneys for Defendants the Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2006-OA11 Mortgage Pass-Through Certificates Series 2006-OA11 and Shellpoint Mortgage Servicing*