FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 10 2019 ★
LONG ISLAND OFFICE

*FILED*
2019 SEP 10 PM 5: 18

**Record/FILE ON DEMAND**
**Acceptance of Offer with full immunity AND WITHOUT RECOURSE!** MEC-0910BNYM-SPMS2019-BNYM1SMS1© is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

## In the NEW YORK DISTRICT Court for the DISTRICT of NEW YORK at Common Law

| | |
|---|---|
| Mario E. Castro, et al.,<br>    Plaintiff(s),<br>vs.<br><br>THE BANK OF NEW YORK MELLON, as Trustee for the Certificate Holders of CWALT Inc., Alternative Loan Trust 2006-0A11 mortgage pass-through certificates 2006-0A11, f/k/a THE BANK OF NEW YORK MELLON, ALTERNATIVE LOAN TRUST 2006-0A11; UNKNOWN Doe's 1-12,000 et al…<br><br>SHELLPOINT MORTGAGE SERVICING, UNKNOWN Doe's 1-12,000 et al…<br>    Defendant(s). | Sub contract Case NO.17-cv-4375-JS-GRB<br><br>PLAINTIFF'S REPLY/OBJECTIONS TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE |

Comes now Mario E. Castro, Sui Juris, with all natural rights explicitly reserved and retained, with his reply/objections to Defendant's Opposition to Plaintiffs' Motion to Vacate/Set aside Judgment filed on **August 22, 2019 (Doc # 48).** Plaintiff hereby objects to the Defendants allegations that the Arbitration award presented is a sham document because all parties to the referenced agreement/contract have been aware of the arbitration proceedings through the notice of arbitration hearing, failed to respond to the arbitrator in

RECEIVED
SEP 11 2019
EDNY PRO SE OFFICE

*FILED*

2019 SEP 10 PM 5:19

regards to attending, are aware of the existence of the award, aware of the contract which led to an arbitration award being issued and its terms, waivers, provisions if they did not perform accordingly and in the timeframe provided, see **section 10284, 10288, 10290** of the referenced agreement therefore any and all allegations of this being a shame document are hereby objected to by the Plaintiff. Plaintiff objects to defendants averment that there was no agreement to arbitrate and that Plaintiff does not even pretend to offer any as the agreement clearly references an offer and references arbitration over 10 times, there is no need to pretend when the agreement/contract plainly states the offer and that all parties agree to arbitration which is available upon default also reference in **section 10286** of the referenced agreement/contract which the entire agreement/contract its terms, provisions, are incorporated by reference in these case in its entirety. The conditional acceptance agreement has all the elements of a contract which have been met as stated in the "Notice of Fault" which all parties have been aware of. Defendants and all other respondents have provided no evidence stating that they do not accept the contract in the timeframe provided for its execution, the defendants attorney only stated that "our clients did not make you an offer therefore you cannot accept an offer" is not proof of non-acceptance, it is a disputable, arbitrabal issue which must be and have been arbitrated. Plaintiff objects to any and all of the courts allegations of the referenced contract being largely incoherent as the language presented in that instrument is clear, specific, and since neither of the respondents referenced in the contract claimed they did not understand the language of the contract nor what was being requested by the Plaintiff (the claimant), they all fully understood its contents, what was being requested, the consequences for not responding and willfully decided not to respond creating the tacit acquiescence evidenced by their default. Plaintiff objects to any and all claims of fraud by the defendant as all parties had the opportunity to respond to the arbitrators' notice of arbitration hearing but failed to do so in the timeframe

*FILED*

2019 SEP 10 PM 5: 19

provided by the arbitrator therefore the arbitrator presumed all parties acceptance and proceeded as provided in the Defendants **exhibits A Doc 49-1.** The proof of claims requested by the contract clearly states what the defendants fraudulently concealed. The plaintiff have also admitted that they received notice of all presentments presented to them in their opposition to Plaintiff's motion to vacate therefore they have been fully aware of the contract, the arbitration notice, their waiver, and arbitration where an award was issued by the arbitrator. The referenced agreement clearly evidences the parties consent to arbitrate, that there is an agreement in place that is valid and enforceable as provided and supported under **FAA**. Contract law does not require that a contract be signed by both parties in order for it to be valid therefore this allegation is hereby objected to by the Plaintiff. The defendant's further arguments are hereby objected to by the Plaintiff in its entirety for the reasons specified in Plaintiffs' Motion to Vacate filed on the record on **August 22, 2019** which Plaintiff hereby reiterates as these arguments by the defendants' are nonsensical in nature and are arbitrabal issues that should have been addressed in arbitration.

**RESPECTFULLY PRESENTED,**

"Without Prejudice" _[signature]_ void/non assumpsit
THE BENEFICIAL OWNER OF THE CESTI QUI EQUITABLE TRUST
Mario E. Castro, Propria Persona, Sui Juris
All Natural Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1.103.6
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741

**CERTIFICATE OF SERVICE**

Page 3 | 4

*FILED*

2019 SEP 10 PM 5:18

I **HEREBY CERTIFY** that a true and correct copy of this **"Reply/objections to Defendants Opposition to Plaintiffs motion to Vacate"** have been electronically mailed to all parties on the service list under the referenced U.S.P.S. Mail. **(4 pages total)**

RESPECTFULLY PRESENTED,

**Addressed to:**

AKERMAN LLP
Attention: Jason D. St. John, Esq.
666 FIFTH AVENUE, 20TH FLOOR
NEW YORK, NEW YORK, 10103
Certified Mail No.: 7018 0360 0000 2440 0524

"Without Prejudice"                                    9/10/19

_____  void/non assumpsit
THE BENEFICIAL OWNER OF THE CESTI QUI EQUITABLE TRUST
Mario E. Castro, Propria Persona, Sui Juris
All Natural Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1.103.6
c/o 419 West Hills Road, Melville, New York 11747
Ph. 917-513-7741